# Commonwealth, Appellant, *v.* Callahan.

*Case stated—Reservation of right of appeal.*

Where there is no reservation in a case stated of a right of appeal or certiorari, the decision of the lower court is final, and an appeal to the Supreme Court will be quashed.

Argued Jan. 16, 1893.   Appeal, No. 148, July T., 1892, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1891, No. 661, in favor of defendant, Thomas Callahan, on case stated.   Before Paxson, C. J., Sterrett, Green, Williams, McCollum, Mitchell and Dean, JJ.

Case stated.

From the case stated it appeared that defendant sold oleomargarine in the original packages as imported from Illinois, but it was not stated that it was sold as an article of food.   No reservation of a right of appeal or certiorari appeared in the case stated.   The court entered judgment for defendant.

*Error assigned* was the entry of judgment as above.

*Luther S. Kauffman* and *Charles F. Warwick, Wayne Mac-Veagh* with them, for appellant.

*Henry R. Edmunds,* for appellee.

Per Curiam, January 30, 1893:

There was no reservation in the case stated of a right of appeal or certiorari.   It follows that the decision of the court below was final.

Appeal quashed.

# Commonwealth, Appellant, *v.* Schollenberger.

*Oleomargarine—Purpose of sale—Act of April 21, 1885.*

A person cannot be convicted of violating the oleomargarine act of April 21, 1885, P. L. 22, unless it affirmatively appears that he sold oleomargarine as an article of food.

Argued Jan. 16, 1893. Appeal, No. 141, July T., 1892, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 1111, for defendant, George Schollenberger, on case stated. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Case stated. (Reported below, 1 Dist. R. 437.)

From the case stated it appeared that defendant is a wholesale dealer in oleomargarine, licensed by the United States government; that on Nov. 3d he sold to one Noyes a package containing twenty pounds of oleomargarine, which said package was manufactured in Rhode Island, imported to Pennsylvania, and sold and delivered to Noyes in its original unbroken condition. It did not appear from the case stated that the oleomargarine was sold as an article of food. A reservation of a right of appeal or certiorari was by leave filed at bar.

Judgment was entered for defendant by the court below in an oral opinion in part as follows, by BIDDLE, J.:

" The law is a highly penal one, and therefore to be construed, as all penal laws, strictly. The first section enacts ' that no person, firm or corporate body shall manufacture out of any oleaginous substance, or any compound of the same, other than that produced from unadulterated milk, or of cream from the same, any article designed to take the place of butter or cheese produced from pure unadulterated milk or cream from the same, or of any imitation or adulterated butter or cheese, nor shall sell or offer for sale, or have in his, her or their possession with intent to sell the same as an article of food.'

" The offence, therefore, it will be perceived, is confined to the manufacture and sale of oleomargarine ' as an article of food,' the whole purpose of the law being, as appears by its title and this section, to protect the health of the public. If then it was sold and used as wagon grease, to which purpose its enemies consider it eminently fitted, it would clearly not be a violation of the law. Now there is nothing in the case stated to show that it was sold or used as an article of food. As, therefore, no law of the state would seem to have been violated, we give judgment for the defendant on the case stated.

" The 3d section, although not reiterating the exact words

of the first, must be read in connection with it; the intent to sell or the offer to sell must be as an article of food."

*Error assigned* was entering judgment for defendant.

*Charles F. Warwick* and *Luther S. Kauffman, Wayne Mac-Veagh* with them, for appellant, cited, Powell v. Com., 114 Pa. 294; Com. v. Weiss, 139 Pa. 247.

*A. B. Roney,* for appellee, cited: Com. v. Powell, 114 Pa. 269; Com. v. Miller, 131 Pa. 118; Com. v. Weiss, 139 Pa. 248.

PER CURIAM, January 30, 1893:

Judgment affirmed.

See also the preceding case.

## Commonwealth *v.* Madden, Appellant.

*Oleomargarine—Practice, C. P.—Appeals.*

Judgment was entered against defendant by a magistrate for the penalty for a violation of the oleomargarine act of April 21, 1885, P. L. 22. Defendant obtained a rule to show cause why an appeal from the magistrate should not be allowed, averring that the oleomargarine was not sold as an article of food, and that it was sold as an original package imported from another state. The court discharged the rule without filing an opinion.

*Held,* on an appeal and certiorari to the Supreme Court, that the judgment should be affirmed.

Argued Jan. 16, 1893. Appeals, Nos. 430 and 431, Jan. T., 1892, by defendant, James J. Madden, from order of C. P. No 2, Phila. Co., Jan. T., 1892, No. 545, discharging rule to show cause why appeal from magistrate should not be allowed. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to show cause why appeal from magistrate should not be allowed.

From the record it appeared that on Jan. 25, 1892, Samuel M. Clements, magistrate of court No. 9, Philadelphia, rendered judgment against defendant for a penalty of $100 and costs, for the " offence of selling an imitation or adulteration of butter in violation of the Act of April 21, 1885," entitled " An Act for the protection of the public health, and to prevent adulteration of dairy products and fraud in the sale thereof." On Jan. 30,