Commonwealth of Pennsylvania, for use of Allegheny County and Levi Wells, Dairy and Food Commissioner of the Commonwealth of Pennsylvania, Appellant, *v.* C. Davison.

*Penalty for a public offense—Appeal—Jurisdiction, Superior Court.*

An appeal lies from the judgment of the common pleas on certiorari to the judgment of an alderman for penalty due the commonwealth for an offense; such a proceeding in nature and effect is a proceeding for a criminal offense.

*Essentials of magistrate's record—Offense—How to be stated—Act of 1885—Oleomargarine.*

In an action which, in its true nature and effect, is a proceeding for the punishment of a criminal offense, although in form an action of debt, it is still essential that the record shall contain a finding set forth in express terms, or to be implied with certainty, that a special act has been performed by the defendant and that it shall describe or define it in such a way as to individuate it, and show that it falls within the unlawful class of acts. Without this, a judgment that the law has been violated goes for nothing.

Argued April 24, 1899. Appeal, No. 152, April T., 1899, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1897, No. 138, on verdict for defendant. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Appeal from judgment of magistrate.

It appears from the docket of the alderman that this action is based on the information, under oath of James Terry, the agent of the said dairy and food commissioner of the commonwealth of Pennsylvania, in which it is alleged that the said defendant, C. Davison, on August 18, 1897, at his place of business, 4505 Liberty avenue, Pittsburg, had in his possession with intent to sell, and did expose for sale and actually sold as an article of food, one pound of an article manufactured out of an oleaginous substance and of a compound of the same, other than that produced from unadulterated milk or cream from the same, the said article not being in an original unbroken package transported from another state of the United States,

or from a foreign country, at the time it was so had and sold
as aforesaid, contrary to the form of the act of the general
assembly of the commonwealth of Pennsylvania, entitled, " An
act for the protection of the public health and to prevent adul-
teration of dairy products and fraud in the sale thereof,"
approved May 21, 1885, and the supplements and amendments
thereto.

And now, September 14, 1897, at the time set for hearing
case is called, plaintiffs appear, defendant does not appear,
W. J. Morris, constable, is sworn as to service of summons.
W. B. Foster sworn for plaintiffs testifies that he is and was
on August 18, 1897, in the employ of the dairy and food com-
mission of Pennsylvania; that on that day he entered the store
of defendant at 4505 Liberty avenue, Pittsburg, county of
Allegheny, Pennsylvania, and purchased one pound of a sub-
stance offered as butter; that he marked the package No. 49,
placed a part of it in a tin case, and delivered it to Chemist
F. T. Aschman personally.   F. T. Aschman, sworn for plain-
tiffs, testified that he is a chemist of years of experience; that
he received the package marked No. 49, described by the first
witness; that he submitted it to a chemical analysis and that
it proved to be oleomargarine.

And now, September 14, 1897, the defendant, C. Davison, is
adjudged guilty of violating section 3 of the act of the general
assembly of the commonwealth of Pennsylvania, approved
May 21, 1885, amended by the act of the general assembly of
the commonwealth of Pennsylvania, approved June 26, 1895,
P. L. 316, and judgment is publicly given by default in favor
of the plaintiffs above named and against defendant, C. Davi-
son, above named, in the penalty of $100, one moiety thereof,
viz : $50.00 to be paid to the treasurer of Allegheny county
and the other moiety thereof, viz : $50.00 to be paid to Levi
Wells, dairy and food commissioner aforesaid, in accordance
with the provisions of the above mentioned act of assembly,
and of the act of assembly approved May 26, 1893, P. L. 152,
and of the act of assembly approved June 26, 1895, together
with the costs of suit.   Costs $4.70.

Defendant filed, inter alia, the following exceptions to the
record of the alderman filed on certiorari in the above case to
the common pleas :

[6. The record is vague and uncertain in setting forth how and in what manner the plaintiff in error violated the Act of May 21, 1885, P. L. 22, for the reason that while there are four ways in which said act might have been violated, to wit: by manufacturing, selling, offering for sale and having in his, her or their possession with intent to sell the said prohibited article, yet the record fails to show both in the information, the testimony adduced and set forth thereon and in the finding of the magistrate in which one of said four respects said act of assembly was violated.] [1]

[7. The record and judgment do not disclose the commission of any offense under said act of assembly, and the imposition of a penalty of $100 should therefore be reversed.] [3]

The court below sustained defendant's exceptions and reversed the judgment of the alderman.   Plaintiff appealed.

*Errors assigned* were (1, 3) in sustaining defendant's sixth and seventh exceptions to the magistrate's record, reciting said exceptions.   (2) In holding that the magistrate's record was defective in that he adjudged the defendant guilty of violating the 3d section of the act of March 21, 1885.

*Samuel S. Mehard* and *R. T. M. McCready*, with them *Elmer W. Moore*, for appellant.—The verdict of the jury and the sentence of the court, in all cases of crimes and penalties, are based upon the indictment.   Neither the one nor the other, standing alone, describes the offense of which a defendant is convicted. They both relate to the preceding parts of the record.

There is no ground for holding a stricter rule in judging of the regularity of proceedings before a magistrate.   On the contrary the decisions are that the whole record is to be taken together, and that it is sufficient if the act for which the defendant is convicted appear in any part of it: Johnston v. Com., 22 Pa. 102; Com. v. Burkhart, 23 Pa. 521; Van Swartow v. Com., 24 Pa. 131.

The learned court erred in holding that the magistrate's record was defective in that he adjudged the defendant guilty of violating the 3d section of the act of March 21, 1885.

The requirements of the law have been carefully expressed by our Supreme Court in the case of Com. v. Borden, 61 Pa. 272.

In the case at bar it is specifically charged that the oleomargarine was sold by the defendant as an article of food. The evidence showed that it was offered and sold as butter. It was matter of judicial knowledge that butter was an article of food: Com. v. Peckham, 68 Mass. 514 ; Carmon v. State, 18 Ind. 450 ; Klare v. State, 43 Ind. 483 ; Markle v. Akron, 14 Ohio, 586 ; Worley v. Spurgeon, 38 Ia. 465. The magistrate found the defendant guilty. The authorities already cited show that this finding is to be considered in connection with the other parts of the record. If that be done there can be no doubt that the defendant was lawfully convicted of the offense charged.

*Simon R. Huss*, for appellee.—In Pennsylvania none of the common-law or statutory essentials of a summary conviction have been yielded, and they seem to be as necessary to bound arbitrary power and prevent oppression and injustice to the citizen of a republic as to the subject of a crown: Com. v. Borden, 61 Pa. 272 ; Com. v. Gelbert, 170 Pa. 426.

No citizen could have any protection against the ignorance or wickedness of inferior magistrates if these were authorized to convict citizens of offenses and yet allowed to so record their proceedings that the very act done cannot be ascertained, and thus their judgment cannot be tested by their judicial superiors: Com. v. King, 2 Kulp, 386.

These essentials must appear affirmatively upon the face of the record.

The trial, conviction and judgment in this case took place in the absence of the defendant, and he cannot be said to have waived any of his rights.

The information, which is the indictment in this proceeding, is fatally defective, in that first, it omits to allege that the offense was committed in Allegheny county, where the proceedings were instituted.

"At his place of business, 4505 Liberty Avenue, Pittsburg," does not give an Allegheny county (Pa.) magistrate jurisdiction. It cannot be presumed that Pittsburg is in Allegheny county, Pennsylvania. It is a jurisdictional fact, and its omission is fatally defective: Com. v. Phelps, 170 Pa. 430 ; Plymouth Borough v. Penkok, 7 Kulp, 101 ; City v. Duncan, 4 Phila. 145.

Second, it does not charge any offense known to the law.

The article described in this information is not the article prohibited by the act of assembly. Either lard or tallow, articles of food in general use, will answer the description of the article in the information. Either of them is "an oleaginous substance other than that produced from unadulterated milk or of cream from the same." The omission to charge in the information that the oleaginous substance sold was designed to take the place of butter, produced from pure cream, leaves the magistrate without jurisdiction over the defendant, and the commonwealth without cause of action. We cannot supply this deficiency from any other part of the record : Com. v. Gelbert, 170 Pa. 426 ; Com. v. Wigoner, 1 Kulp, 66 ; Paizer v. Com., 4 Kulp, 286 ; Johnson v. Borough of Pittston, 3 Kulp, 244 ; Com. v. Clauss, 5 Dist. Rep. 658.

The conviction and judgment thereon for the penalty is so vague and uncertain that it cannot be determined therefrom of what offense the defendant is found guilty for which the penalty is imposed.

It fails to point out any section of any act of assembly prohibiting any offense.

There is no finding that the defendant is guilty of any specific act prohibited by the law. There is nothing in this judgment specifying the particular act for which the penalty has been imposed. That this is one of the essentials of this kind of a proceeding has been declared over and over again by the courts of this state, and more especially is this true, if as in this case, the act of assembly under which the prosecution is made provides a separate penalty for different offenses : Reid v. Wood, 102 Pa. 312 ; Com. v. Nesbit, 34 Pa. 398 ; Com. v. Davenger, 10 Phila. 481.

OPINION BY RICE, P. J., July 28, 1899 :

This is an appeal from the judgment of the common pleas reversing on certiorari the judgment of an alderman, ex officio justice of the peace, for the penalty prescribed by section 3 of the Act of May 21, 1885, P. L. 22. That the provision of section 22 of the Act of March 20, 1810, 5 Sm. L. 172, relative to the finality of the judgment of the common pleas on certiorari, does not apply to a proceeding in the name of the commonwealth

for the recovery of a penalty for what the section defines as an " offense," and the succeeding section makes an indictable misdemeanor, is well settled. The distinction between such an action and one brought in the name of a borough to recover a penalty for the violation of an ordinance, not a public offense, was pointed out in Mahanoy City v. Wadlinger, 142 Pa. 308, followed by us in Colwyn v. Tarbottom, 1 Pa. Superior Ct. 179. As to a proceeding like the present, Chief Justice AGNEW, after a most thorough and discriminating examination of the authorities, said: " It may be so " (a civil action) " in form, but in its true nature and effect, it is a proceeding for a criminal offence, the supervision of which the essential interests of the public require to belong to this court: " Com. v. Betts, 76 Pa. 465.

But if the 22d section of the act of 1810 does not apply in the particular above considered, neither does it control in the determination of what are the essentials of a valid record in a proceeding for a criminal offense.

The judgment entered against the defendant, leaving out the parts not material here, was in the form following: " And now, September 14, 1897, the defendant, C. Davison, is adjudged guilty of violating section 3 of the act of . . . . 21st May, A. D. 1895, . . . . and judgment is publicly given by default . . . . in the penalty of one hundred dollars," etc. As is shown in the opinion of the court below, and frankly conceded by counsel for the appellant, this part of the record, standing alone, would be insufficient to sustain the judgment, because it fails to set forth which of the several offenses, specified in the section referred to, the defendant was adjudged guilty of. But it is to be borne in mind the action was begun by a summons under a statute which provides that the penalty shall be recoverable as debts of like amount are recoverable. All the technical rules governing summary convictions do not apply with the same strictness to such a proceeding. Hence it has been held that, although the record does not set forth, in so many words, that the defendant was convicted of the offense, a finding to that effect is implied in giving judgment for the penalty: Garman v. Gamble, 10 W. 382. By an extension of this principle, and not to be hypercritical, we, perhaps, would be justified in saying that, by reasonable intendment, the particular offense of which the alderman adjudged the

defendant guilty was that charged in the information, upon
which, the record states, the action was based. This was
(quoting the language of the record proper as well as of the
information), "that the said defendant . . . . had in his pos-
session with intent to sell, and did expose for sale and actually
sold as an article of food, one pound of an article manufactured
out of an oleaginous substance and of a compound of the same
other than that produced from unadulterated milk or cream from
the same, the said article not being an original unbroken pack-
age transported from another state of the United States or from
a foreign country at the time it was so had and sold as aforesaid
contrary to the form," etc. Whether a sworn information was
necessary or not is immaterial. The relator saw fit to put his
complaint in writing, and the alderman entered the substance
of it on his docket as the basis of the action. It was "the
substratum of his jurisdiction:" Com. v. Gelbert, 170 Pa. 426.
But here arises the objection, that not every article of food
manufactured out of an oleaginous substance other than milk or
cream is, to quote the language of the act, "designed to take the
place of butter or cheese . . . . or of any imitation or adulter-
ated butter or cheese," and, unless this latter fact be alleged and
proved, an essential ingredient of the offense prohibited by the
act of 1885 is lacking. It is quite as essential as the fact that
the thing was sold as an article of food, the omission of which
from a case stated admitting a sale of oleomargarine was held
to be fatal to the action : Com. v. Schollenberger, 153 Pa. 625.
If, therefore, no more was proved than the record alleges as the
charge or cause of action, there would be no certainty that the
defendant had committed any offense. It is to be noticed that
the judgment was by default; the defendant waived nothing
by appearing and defending the action as was done in Com. v.
Burkhart, 23 Pa. 521, nor did he put the essential facts on the
record, by a formal plea in confession and avoidance, as was
done in Johnston v. Com., 22 Pa. 102. He has a right to
stand on the record made up against him, and to insist that no
jurisdictional essential which the record fails to show shall be
taken against him by presumption, or be supplied by the evi-
dence given on the trial. The purpose of putting the sub-
stance of the latter upon the docket in proceedings of this
nature is to support the original charge, not to extend or sup-

ply what is wanting in it: Com. v. Gelbert, 170 Pa. 426. It is unnecessary, therefore, to discuss the sufficiency of the evidence.

Whilst, as has been said, some of the technical formalities of a summary conviction have been dispensed with, and, indeed, never were insisted on with the same strictness where the penalty is recoverable as debts of like amount are recoverable, yet the essential principles governing such proceedings, necessary for the protection of the citizen, have never been relaxed, and many of them are as applicable to an action, which in its true nature and effect is a proceeding for the punishment of a criminal offense, although in form an action of debt, as to a summary conviction. It is still essential, that the record shall contain a finding, set forth in express terms, or to be implied with certainty, that a special act has been performed by the defendant, and that it shall describe or define it, in such a way, as to individuate it, and show that it falls within an unlawful class of acts. Without this, a judgment that the law has been violated goes for nothing. "Now, this is not merely a formal or technical rule of summary convictions, but a most essential and substantial one: " Com. v. Nesbit, 34 Pa. 398; Reid v. Wood, 102 Pa. 312.

The court was right in sustaining the sixth and seventh exceptions to the alderman's record; therefore it is unnecessary for us to discuss the others.

The judgment is affirmed.