## Commonwealth *v.* Cannon, Appellant.

*Summary conviction—Justice of the peace—Record—Illegal hunting— Act of April 14, 1903, P. L. 178.*

A summary conviction must contain a finding that a specific act has been performed by the defendant, and it must describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts. Without this a judgment that the law has been violated, goes for nothing. This is not merely a formal or technical rule of summary conviction, but most essential and substantial.

A summary conviction for illegal hunting in violation of the Act of April 14, 1903, P. L. 178, cannot be sustained where the record of the justice merely shows that the defendant hunted in a particular county named without having procured a license from the county treasurer of that county. In such a case the defendant by the very terms of the act might lawfully hunt in the county named, if he has secured a proper license in any other county of the commonwealth.

Argued March 13, 1906. Appeal, No. 8, March T., 1906, by defendant, from judgment of C. P. Cumberland Co., affirming judgment of a justice of the peace in case of Commonwealth v. H. P. Cannon. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Certiorari to judgment of a justice of the peace. Before SADLER, P. J.

From the record it appeared that the proceeding before the justice was based upon the following information :

" STATE OF PENNSYLVANIA,  ⎱ ss.
    COUNTY OF CUMBERLAND,  ⎰

" Before me, the subscriber, one of the Justices of the Peace in and for the County and State aforesaid personally appeared C. S. Husler, Game Warden of Cumberland county, who upon his solemn oath according to law deposes and says that one

Harry Cannon, being a non-resident of this commonwealth of Pennsylvania did on Oct. 18, 1904, in Penn township, Cumb. Co., Penna., unlawfully hunt without first procuring a license from the County Treasurer in said county, in which he hunted, as required by the Act of Assembly approved the 14th day of April, A. D. 1903.

" Deponent therefore desires that the said Harry Cannon be arrested and dealt with according to law, and further deponent saith not.

                                    " C. S. HUSLER."

A portion of the finding of the justice was as follows :

" And now December 27, 1904, 10 o'clock, A. M., it manifestly appearing to me upon careful consideration of the truth of the charges contained in said complaint, that Harry Cannon is guilty of the offense charged against him in said complaint of having hunted in Penn township, Cumberland county, and state of Pennsylvania, on Oct. 18, 1904, without first procuring a license from the county treasurer in the county of Cumberland in which he hunted, contrary to the Act of General Assembly approved the 14th day of April, A. D. 1903, said Harry Cannon is convicted before me."

The court, in an opinion by SADLER, J., affirmed the judgment of the justice of the peace.

*Errors assigned* among others were as follows :

1. The learned court erred in overruling the first exception of the appellant to the record of the justice, viz. : " The justice had not jurisdiction of said proceedings."

2. The learned court erred in overruling the fourth exception of the appellant to the record of the justice, viz. : " The record fails to show that the defendant was guilty of any offense punishable under the laws of Pennsylvania."

*Frank B. Sellers, Jr.*, and *E. M. Biddle, Jr.*, for appellant.— The proceedings before the justice were defective and the record is not sufficient to sustain a conviction : Com. v. Davison, 11 Pa. Superior Ct. 130 ; Prine v. Com., 18 Pa. 103 ; Com. v. Gelbert, 170 Pa. 426 ; Com. v. Phelps, 170 Pa. 430 ; Com. v. Clauss, 5 Pa. Dist. Rep. 658 ; Com. v. Borden, 61 Pa. 272 ; Com. v. Nesbit, 34 Pa. 398 ; Reid v. Wood, 102 Pa. 312 ; Com. v.

Linaugh, 13 Pa. Dist. Rep. 486; Com. v. Trout Co., 11 Pa. Dist. Rep. 349.

*S. B. Sadler*, with him *Herman Berg, Jr.*, for appellee.—Where the information or complaint in a case of summary conviction is so specific as to give the defendant notice of the substance, time and place of the offense charged, it is sufficient. " And where the defendant appears and goes to trial, without any objection to the complaint and summons on account of indefiniteness, such a defect ought to be considered as cured : " Com. v. Burkhart, 23 Pa. 521; Adams v. Com., 1 Woodward, 417.

All that is requisite is that the substance of the acts committed by the defendant should be alleged somewhere in the proceedings of the justice : Adams v. Com., 1 Woodward, 417 ; Johnston v. Com., 22 Pa. 102; Byers v. Com., 42 Pa. 89 ; Com. v. Burkhart, 23 Pa. 521.

OPINION BY ORLADY, J., November 11, 1906 :

This appeal is from the judgment of the common pleas of Cumberland county, affirming on certiorari the judgment of a justice of the peace for the penalty prescribed by the act of April 14, 1903.   The pertinent provisions of the act are as follows : " Every non-resident and every unnaturalized foreign-born resident of this commonwealth shall be required to take out a license from the treasurer of the county in which he proposes to hunt before beginning to hunt in any part of this commonwealth."   After payment of a license fee of $10.00 to the treasurer of the county in which he proposes to hunt, the act further provides that a certificate should be issued to him in an approved form, " which certificate shall authorize the owner thereof to hunt and kill game in any part of this commonwealth, during the period of that year when game may be legally killed under the restrictions and for the purposes allowed by law." The complaint made by the gamewarden avers that " one Harry Cannon, being a non-resident of this commonwealth of Pennsylvania, did on October 18, 1904, in Penn Township, Cumberland County, Pa., unlawfully hunt without first procuring a license from the County Treasurer in said county in which he hunted, as required by the act of assembly," etc.   It

has been held in a number of cases that while many of the technical formalities of summary convictions have long since been dispensed with, there are some essentials which still exist and must appear upon the record. It is still necessary that a summary conviction shall contain a finding that a specific act has been performed by the defendant, and that it shall describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts. Without this a judgment that the law has been violated, goes for nothing. This is not merely a formal or technical rule of summary convictions, but most essential and substantial. No citizen could have any sort of protection against the ignorance or wickedness of inferior magistrates if these were authorized to convict citizens of offenses, and yet allowed so to record their proceedings that the very act done cannot be ascertained, and thus their judgment cannot be tested by their judicial superiors: Commonwealth v. Nesbit, 34 Pa. 398 ; Reid v. Wood, 102 Pa. 312. The written complaint on which this proceeding is founded is the substratum of the magistrate's jurisdiction, and it is necessary in order to sustain his judgment that the complete statement of the offense charged is set out therein. It must contain a direct and positive charge against the defendant, not merely facts amounting to a presumption of guilt, however sufficient such facts may be as prima facie evidence against him, and the jurisdictional facts must appear on its face by a plain statement of them. Neither the warrant nor the docket entries can supply them, or dispense with their presence: Commonwealth v. Gelbert, 170 Pa. 426. The necessity of rigid adherence to certain forms is declared by our own court in Commonwealth v. Davison, 11 Pa. Superior Ct. 130 : " Whilst, as has been said, some of the technical formalities of a summary conviction have been dispensed with, and, indeed, never were insisted on with the same strictness where the penalty is recoverable as debts of like amount are recoverable, yet the essential principles governing such proceedings, necessary for the protection of the citizen, have never been relaxed, and many of them are as applicable to an action which in its true nature and effect is a proceeding for the punishment of a criminal offense, although in form an action of debt, as to a summary conviction."

The declaration of the magistrate, that "it manifestly ap-

pearing to me that Harry Cannon is guilty of the offense charged against him in said complaint," does not in any way aid the defective complaint. It does not aver that this defendant did anything more than hunt in Cumberland county without having procured a license from the county treasurer of that county, whereas by the very terms of the act he might lawfully hunt in Cumberland county if he had secured a proper license in any other county of the commonwealth. This is not a question of shifting the burden of proof by requiring the commonwealth to prove affirmatively that the defendant did not have a proper license; the objection lies deeper, being to the complaint itself in not setting out that fact, which defect is substantial and jurisdictional. A like defect in an indictment is ground for arresting a judgment upon it, and it seems reasonable that such a defect in the complaint which is the basis of a summary proceeding, would vitiate it. None of the common-law or statutory essentials of a summary conviction have been yielded, and " they seem to be as necessary to bound arbitrary power and prevent oppression and injustice to the citizens of a republic, as to the subject of a crime :" Commonwealth v. Borden, 61 Pa. 272. It is not necessary to consider the other assignments of error. The first and second are sustained, and the judgment is reversed.