## Shryock *v.* North Braddock Borough, Appellant.

*Summary convictions—Boroughs—Appeal from judgment of burgess.*

1. While many of the technical formalities of summary convictions have long since been dispensed with, there are some essentials which still exist and must appear upon the record. It is still necessary that a summary conviction shall contain a finding that a specific act has been

performed by the defendant, and that it shall describe or define it in such a way as to individuate it and show that it falls within an unlawful class of acts.

*Corporations—Water companies—Use of streets—Opening streets—Boroughs—Discretion of borough council.*

2. A water company chartered under the general laws of the commonwealth is not compelled to obtain the consent of a borough council before it may lay its pipes in the streets, or open the streets in order to obtain access to them for a necessary purpose, and a borough exceeds its powers, when, as to such a company, it undertakes to make the exercise of the chartered rights of the company dependent upon the consent of the borough council.

3. A borough ordinance is invalid as to a chartered water company, which provides that the borough secretary may issue permits to open or dig up a street (1) for the purpose of making connections with the sewer, (2) to lay or connect a water or gas pipe with the main and (3) to make repairs to such pipe or connection, but prohibits the opening of the streets for any other purpose without permission of council.

Argued April 14, 1910. Appeal, No. 27, April T., 1910, by defendant, from order of C. P. No. 2, Allegheny Co., Jan. T., 1909, No. 83, reversing judgment of a burgess in case of E. L. Shryock et al. v. North Braddock Borough. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from judgment of a burgess.

The record of the burgess was as follows:

Commonwealth of Pennsylvania,
County of Allegheny.
THE BOROUGH OF NORTH BRADDOCK
vs.
E. L. SHRYOCK, JOHN DORSO, ED. MANGLE.

Commonwealth of Pennsylvania, County of Allegheny, ss.:

"Before me the subscriber, Geo. B. Whitfield, the Burgess of the Borough of North Braddock, in and for said County, personally came William Bowers, who upon oath administered according to law, deposes and says, that at North Braddock, in the County of Allegheny, on

the 2d day of October, A. D. 1908, that the said E. L. Shryock, John Dorso and Ed. Mangle did open and dig up Kirkpatrick avenue, opposite the property of Jos. M. Vero, without first having obtained a permit so to do, contrary to the provisions of Ordinance No. 67, a copy of which is hereto attached.

"Complainant therefore prays and desires that a warrant may issue and the said defendants E. L. Shryock, John Dorso and Ed. Mangle may be arrested and held to answer this charge of violating Borough Ordinance No. 67, and further deponent saith not.

"WILLIAM BOWERS.

"Sworn to and subscribed before me this 3d day of October, A. D. 1908.

"GEO. B. WHITFIELD,

Burgess.

" No. 67.

" AN ORDINANCE

"Regulating the opening of excavations in the highways, streets and alleys of the Borough of North Braddock.

"Section 1. Be it ordained and enacted by the Town Council of the Borough of North Braddock, and it is hereby ordained and enacted by authority of the same. That it shall be unlawful for any person or persons (other than those acting by direct authority from the Borough) to open, dig, or in any manner disturb any highway, street or alley within the Borough, without making application to the Borough Secretary or to Council, as hereinafter provided.

"Section 2. When any highway, street or alley is to be opened or dug up for the purpose of making connection with a sewer, or to lay or connect a water or gas pipe with the main, or to make repairs to such pipes or connections, application shall be made to the Borough Secretary. On receipt of such application it shall be the duty of the Secretary to issue such permit, subject to the stipulations, conditions and restrictions hereinafter pro-

vided, and the time for which such permit shall be granted shall not exceed five days. Any person or persons receiving such permit shall, during the performance of the said work, keep the said openings protected to the satisfaction of the Burgess, whose directions shall be followed, in order to prevent the street from becoming entirely obstructed at any time, and shall keep approved danger signals at such openings at all times; and upon the completion of the work shall immediately fill up .the trench or excavation to the satisfaction of the Burgess, and, if the street be paved, the same shall be restored to the condition it was in before the opening.

"Section 3. Each person receiving a permit to open any highway, street or alley, shall, in writing, agree and be bound to restore the same, at his own expense, as hereinbefore provided, within the time named in said permit. As security for the performance of the said agreement, each person receiving a permit for an opening as aforesaid shall deposit with the Borough Secretary the sum of $5.00, which sum shall be held for one year, to be used, if necessary, in making repairs occasioned by the failure of the person opening said street to properly repair the same. Any person (except a property owner receiving a permit for an opening in connection with his own property) upon receiving a permit under the provisions of this section shall file a bond in the sum of $1,000, to be approved by Burgess, to secure the Borough against any claims against it growing out of the negligence of said person.

"Section 4. Any gas or water company, in lieu of the deposit aforesaid, as well as to secure the Borough against any claims against it, growing out of the negligence of said company, may give bond, to be approved by the Council, in the sum of $2,000, which bond shall apply to all permits taken out by said company during the period of one year from the date thereof; and, for the same purpose, any other person may give such bond, to be approved as aforesaid, in the sum of $2,000.

"Section 5. No highway, street or alley of the Borough shall be opened, at any time, for any purpose other than the purposes stated in Section 2 of this Ordinance, nor shall any of said highways, streets or alleys be opened, for any purpose, between the 15th day of November and the 1st day of April, without the permission of Council.

"Section 6. Any person or persons violating any of the provisions of this Ordinance shall forfeit and pay a fine of not less than $5.00 nor more than $50.00, with costs of suit.

"Ordained and enacted into a law in Council this 5th day of March, A. D. 1900.

"W. J. VANCE,

"President of Council.

"Attest:

"J. O. JONES,

"Secretary.

"Approved, the 5th day of March, 1900.

"F. K. LEIGHTON,

"Burgess."

| | |
|---|---|
| Commonwealth of Pennsylvania, County of Allegheny.<br>THE BOROUGH OF NORTH BRADDOCK<br>vs.<br>E. L. SHRYOCK, JOHN DORSO, ED. MANGLE.<br>Paid by Defendants $75.90. | Arrested by Officer Bowers on view, after 10:55 o'clock A. M. of October 2d, 1908.<br>Charge Violating Borough Ordinance No. 67. |

"And now, October 3d, 1908, hearing had before Geo. B. Whitfield, Burgess in and for the Borough of North Braddock.

"The defendants, being sworn, admit opening Kirkpatrick avenue without permission of Council as set forth in warrant and knowing it to be in violation of a borough ordinance.

"And now, upon a full hearing of all the evidence, it appears to me, the said Burgess of the Borough aforesaid,

that the defendants are guilty of the offense charged, to wit, violating Borough Ordinance No. 67.

"It is therefore adjudged that the defendants be convicted and are accordingly convicted of the offense aforesaid. And I do hereby adjudge that the said defendants, for the said offense, have forfeited the sum of Twenty-five Dollars as a fine each, and the costs of suit $0.90, and in default of payment thereof defendants are sentenced to be committed to the Allegheny County Jail for the space or term of ten days, in accordance with the laws of the Commonwealth of Pennsylvania and the Ordinances of the Borough of North Braddock relating to such offense.

"Witness the hand of said Burgess of the Borough aforesaid, at North Braddock, this Third day of October, A. D. 1908.

"GEO. B. WHITFIELD,<br>"Burgess."

*Error assigned* was in reversing the judgment of the burgess.

*Carl C. Baldridge,* for appellant.—The borough has power and authority to pass an ordinance regulating the opening of excavations in the highways, streets and alleys within the borough: Philipsburg Boro. v. Central Penna. Tel. & Supply Co., 22 W. N. C. 572; Kneedler v. Norristown Boro., 100 Pa. 368; Livingston v. Wolf, 136 Pa. 519; Paul v. Carver, 26 Pa. 223; Com. v. Rush, 14 Pa. 186; Philadelphia's App., 78 Pa. 33; Allegheny v. Zimmerman, 95 Pa. 287; Com. v. Hauck, 103 Pa. 536; In re Ruan Street, 132 Pa. 257.

The ordinance is not in its true meaning unreasonable: Commissioners of Northern Liberties v. Northern Liberties Gas Co., 12 Pa. 318; Fisher v. Harrisburg, 2 Grant, 291; Kneedler v. Norristown Boro., 100 Pa. 368.

*H. E. Carmack,* with him *A. W. Duff,* for appellee.—The words "regulate" and "prohibit" have different and

distinct meanings whether understood in their ordinary and common signification or as defined by the court in construing statutes: Bronson v. Oberlin, 41 Ohio, 476.

If the borough has power to grant or refuse permission to open a street to shut off water, it also has power to grant or refuse permission to the water company to make excavations or repair its mains, or make connections therewith. If it can refuse the power to disconnect, it can also refuse the permission to connect. "This would be destructive of the franchises conferred by the state by virtue of its paramount authority over the highways and could not be sustained:" Landsdowne Boro. v. Water Co., 16 Pa. Superior Ct. 490.

OPINION BY RICE, P. J., July 20, 1910:

This is an appeal by the borough of North Braddock from the judgment of the court of common pleas reversing, upon certiorari, the judgment of the burgess of the borough in a summary proceeding instituted against the appellees for a violation of a borough ordinance relating to the opening of streets. The appellees were employees of the Pennsylvania Water Company and were acting under its direction in the opening of the street complained of. The Pennsylvania Water Company is a company chartered under the general laws of the commonwealth relating to water companies, with power to enter upon and occupy the streets of the borough for the purposes of its charter, subject to such regulations adopted by the borough as are referred to or comprehended in the statutes relating to water companies. See the Mountain Water Company v. Borough of Emaus, ante, p. 179.

While many of the technical formalities of summary convictions have long since been dispensed with, there are some essentials which still exist and must appear upon the record. It is still necessary that a summary conviction shall contain a finding that a specific act has been performed by the defendant, and that it shall describe or define it in such a way as to individuate it and show

that it falls within an unlawful class of acts: Com. v. Nesbit, 34 Pa. 398; Reid v. Wood, 102 Pa. 312; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Cannon, 32 Pa. Superior Ct. 78. Whether the act complained of was an unlawful act depends upon the validity of certain provisions of the ordinance referred to. Section 1 provides that it shall be unlawful for any person other than those acting by authority of the borough to open, dig or in any manner disturb any highway, street or alley of the borough without making application to the borough secretary or to council. Section 2 designates three instances where application shall be made to the borough secretary and permits shall be issued by him. They are when the highway is to be opened or dug up, (1) for the purpose of making connection with a sewer; (2) to lay or connect a water or gas pipe with the main; (3) to make repairs to such pipe or connection. Section 5 is as follows: "No highway, street or alley of the borough shall be opened, at any time, for any purpose other than the purposes stated in section 2 of this ordinance, nor shall any of said highways, streets or alleys be opened, for any purpose, between the 15th day of November and the 1st day of April, without the permission of council." It is not, and could not be successfully contended that the ordinance is invalid so far as relates to the three purposes mentioned in sec. 2. The permit issues of course, and the regulations relative to obtaining the same and the course to be pursued under it are reasonable. If, therefore, the record and the findings of the magistrate showed that the defendants opened the street for either one of these three purposes, without first obtaining a permit, the conviction could be sustained. In that case it would be no answer to say that the secretary refused to give the permit. The remedy of the water company for the refusal was not by taking the law into its own hands, but by appropriate proceeding to compel the secretary to perform his duty. But the record of the magistrate does not show that the street was opened for either of these three purposes. It

may have been for some other necessary purpose, as, for example, to disconnect a service pipe at the ferrule. If this was an unlawful act it was because, and only because, it was prohibited by the fifth section of the ordinance, either absolutely, as the words of the ordinance might be construed, or unless the permission of council were obtained, which seems to be the more reasonable construction. If the former construction be adopted the ordinance would be prohibitory of the corporation's use of the streets for many necessary purposes, and it could scarcely be contended that in that view it could be sustained. But if we adopt the latter construction, the question arises whether a provision that the streets shall not be disturbed for any but the three purposes mentioned, without the permission of council, is a reasonable and valid borough regulation as applied to water companies having the powers of the company in question. Does not such an ordinance assume the right of council to grant or refuse permission in its discretion? And, if it does, is it not a usurpation of power not possessed by borough councils as against such a company? Both of the latter questions must be answered in the affirmative. It is quite apparent that in adopting the ordinance the borough did not intend to vest a merely ministerial power in the council, but did intend that the question, whether any proposed opening of the streets for any purpose except those specified in sec. 2, should be decided by the council in its legislative capacity and according to its discretion and judgment. It is freely conceded by counsel for the appellees that the borough has full power to make all reasonable regulations for the opening of streets, such as, where the pipes may be laid, the length of ditch to be opened at any one time, the guarding of trenches, the replacing of the earth, and repairing of the street; and it is not denied that it may even prohibit the opening of streets during certain periods of the year, when such opening would endanger the public health or welfare. Counsel say it has full power to make proper and reasonable regulations as to all matters relat-

ing to the protection and convenience of public travel and the protection of the life, health and property of its citizens; but they contend such regulations must be set forth in the ordinance, they must be general and uniform in character, and they must be reasonable. This view we think is the correct one. A water company chartered under the general laws of the commonwealth is not compelled to obtain the consent of the borough council before it may lay its pipes in the streets or open the streets in order to obtain access to them for a necessary purpose, and the borough exceeded its powers when, as to such company, it undertook to make the exercise of the chartered rights of the company dependent upon the consent of its council. In the case of Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490, we said: "If the borough were asserting the right to grant or refuse permission to the defendant to make excavations for the purpose of repairing its mains or making connections therewith, this would be destructive of the franchises conferred by the state by virtue of its paramount authority over the highways, and could not be sustained." The same is equally true of the assertion of a right to grant or refuse permission to make the necessary excavations in order to carry out the purposes for which the corporation was created. We hold that the record of the conviction cannot be sustained, because it fails to show that the act complained of was contrary to the general law of the commonwealth or to a valid provision of the ordinance in question.

The judgment is affirmed.