## Commonwealth *v.* Divoskein, Appellant.

*Criminal law—Idle and disorderly person—Justice of the peace—Jurisdiction—Record—Summary conviction.*

1. It is necessary that the record of a summary conviction shall contain a finding that a specific act has been performed by the defendant, and that it shall describe or define it in such a way as to individuate, and show that it falls within an unlawful class of acts. Without this, a judgment that the law has been violated goes for naught.

2. The record of the summary conviction of a person as an idle and disorderly person must set forth facts which constitute the offense.

3. A commitment to the house of correction will not be sustained where the record of the commitment shows that a warrant was issued against the defendant for assault and battery, that the defendant was brought before the magistrate on a date named, and witnesses sworn, and the record concludes as follows: "After hearing defendant charged with being idle, disorderly person. After hearing defendant committed to the House of Correction for three months."

4. In such a case the commitment has nothing to rest on but a new and independent charge, evidently heard after the hearing on the original charge, that the relator was an idle and disorderly person. The record should disclose by whom the charge was made, whether it was made by written complaint, or orally, what facts were alleged as constituting the offense, what information the defendant had of the new charge, and what opportunity was afforded for a defense against it, and what evidence, if any, was adduced in support of it.

Argued Feb. 27, 1912. Appeal, No. 12, Oct. T., 1912, by defendant, from order of Q. S. Phila. Co., refusing to sustain writ of habeas corpus in case of Commonwealth v. Sadie Divoskein. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Writ of habeas corpus. Before CARR, J.

From the record it appears that the magistrate's record was as follows:

"Warrant issued on January 12, 1912, on oath of Julia Siloski, defendant, charged with assault and battery. Brought up January 12, Julia Siloksi, sworn, Lewis Levit, sworn. After hearing defendant charged with being idle, disorderly person. After hearing, defendant committed to the house of correction for three months. Defendant residing at 537 Garrett street.

"Names of witnesses. Julia Siloski, 1254 N. Alder street, and Lewis Levit, 523 Buttonwood street."

The following facts were agreed upon between the district attorney and the counsel for the relator.

The relator in this case was arrested on a warrant charging her with assault and battery and was committed by the magistrate, before whom she was brought, for three months to the house of correction, as being an idle and disorderly person. She was brought up on a writ of habeas

corpus, which had been allowed by the Honorable W. W. CARR, in the court of quarter sessions of the peace for the county of Philadelphia.

At the hearing of the case, it was established that there had been a lockout or strike in progress for a period of about nine weeks at the factory of Flamm, Goldman & Cohen, manufacturers of Ladies' Silk Suits & Cloaks, N. E. cor. Eleventh & Arch streets, Philadelphia, and that the relator, Sadie Divoskein, was one of those who was locked out or on strike.

That she had been arrested twice during the progress of said lockout or strike while picketing in the neighborhood of the factory; on one occasion being held in her own recognizance for court, which case had not yet been determined, and on another occasion being fined $7.50.

It was testified by some of the police officers who were on duty there, that they had no trouble with the relator and that they had not seen her going about on the streets from place to place begging, or asking for or subsisting on charity.

That the charge of assault and battery on which the relator was arraigned before the magistrate, was preferred by one Julia Siloski, who was not in sympathy with those who were locked out or on strike.  Julia Siloski testified that the relator in attempting to rescue another girl, who also had been on strike, and whom the said Julia Siloski was holding until the police should come, struck her. This was denied by other witnesses who testified that the relator was not near the said Julia Siloski.

That the relator resided at 537 Garrett street, in the city and county of Philadelphia, which was her fixed place of residence and where she had a good, respectable home. That she had worked continuously for a period of three years up to the period of the lockout or strike.  That she was a person of very good habits and of good character and not an idler or disorderly street walker, and that prior to the said lockout or strike had never been in any trouble nor arrested.  That she was out of work at the time of the

said arrest by reason of the said lockout or strike at the place of her employment.

That at the time of her arrest she was not molesting or disturbing anyone.

That she did not depend upon anyone for her support; was self-supporting, and that by reason of her thrift and industry she had saved up about $250 which she had on deposit in bank to her account.

After hearing on the writ the court remitted the relator to the house of correction, but reduced the sentence to thirty days from date of commitment.

*Error assigned* was in not sustaining writ of habeas corpus and remanding the relator.

*Leopold C. Glass*, for appellant.—In a case where a person has been arrested on a warrant charging the defendant with assault and battery, a magistrate has no jurisdiction to summarily convict the defendant of an entirely different offense, to wit: that of being an idle and disorderly person and commit the defendant to the house of correction: Com. v. Borden, 61 Pa. 272; Com. v. Catterson, 3 Lack. Jur. 1.

A summary conviction cannot be sustained where the record of the magistrate merely shows that the defendant is charged with being an idle and disorderly person, and after hearing, committed to the house of correction: Com. v. Cannon, 32 Pa. Superior Ct. 78; Com. v. Nesbit, 34 Pa. 398; Com. v. King, 2 Kulp, 386; Com. v. Borden, 61 Pa. 272; Shryock v. North Braddock Boro., 43 Pa. Superior Ct. 508; Reid v. Wood, 102 Pa. 312; Com. v. Davison, 11 Pa. Superior Ct. 130.

OPINION BY RICE, P. J., April 15, 1912:

This is an appeal by the relator from an order made after hearing upon habeas corpus remanding the relator to the house of correction, to which she had been committed by a magistrate for three months, but reducing the term

of imprisonment imposed by the magistrate to thirty days. By writing filed it is agreed by the district attorney and counsel for the relator, that certain records and proceedings shall constitute the record to be considered on this appeal and amongst these are the transcript from the magistrate's docket, the commitment, the petition for habeas corpus, the order of the quarter sessions and a stipulation as to the facts. The evident purpose of this agreement is to enable this court to determine as to the magistrate's jurisdiction and as to the legality of the commitment issued by him, upon consideration of the entire proceedings before him and not merely upon a view of what appears on the face of the commitment. These are substantial questions which in some form of proceeding the relator was entitled to have determined, and in view of the stipulation of counsel we feel relieved of the necessity of considering whether the procedure adopted was the most appropriate one to bring them under review.

It appears from the record and proceedings referred to in the stipulation that the relator was arrested upon a warrant charging her with assault and battery and was brought before the magistrate. His record of the proceedings is as follows: "Warrant issued on the 12th day of January, 1912, on oath of Julia Siloski, defendant, charged with assault and battery. Brought up January 12th, Julia Siloski, sworn, Lewis Levit, sworn. After hearing defendant charged with being idle, disorderly person. After hearing defendant committed to the House of Correction for 3 months." It is fairly to be presumed from this record that the magistrate did not deem the evidence sufficient to justify him in holding the relator to bail for the quarter sessions to answer the criminal charge upon which she had been arrested, and it is quite clear that upon an information charging a person with assault and battery, a magistrate has not jurisdiction to summarily convict the accused and commit him to the house of correction for a definite term of imprisonment. Therefore the commitment has nothing to rest on but

the new and independent charge, evidently made after the hearing on the original charge, that the relator was an idle and disorderly person.  By whom this charge was made, whether it was made by written complaint or orally, what facts were alleged as constituting the offense, what information the relator had of the new charge and what opportunity was afforded her to defend against it, and what evidence, if any, was adduced in support of it, are matters upon which the record is silent.  Nor does it appear, except inferentially from the fact that he committed her, that the magistrate adjudged her to be guilty of the charge.  While some of the technical formalities of summary convictions as originally administered in England and this country have been dispensed with, there are certain essentials which still exist and must appear upon the record.  It is still necessary that a summary conviction shall contain a finding that a specific act has been performed by the defendant and that it shall describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts.  Without this, a judgment that the law has been violated goes for naught.  This is not merely a formal or technical rule of summary convictions, but a most essential and substantial one.  The reason for the rule is set forth convincingly and with great clearness in Com. v. Nesbit, 34 Pa. 398, and in Com. v. Borden, 61 Pa. 272, it was said that the essentials there enumerated were reasonable and "as necessary to bound arbitrary power, and prevent oppression and injustice to the citizen of a republic, as to the subject of a crown."  The rule as stated in Com. v. Nesbit has been invariably followed in later cases, amongst which may be mentioned Reid v. Wood, 102 Pa. 312; Com. v. Davison, 11 Pa. Superior Ct. 130; Com. v. Cannon, 32 Pa. Superior Ct. 78; Shryock v. North Braddock Borough, 43 Pa. Superior Ct. 508.  It is plainly applicable here.  By the Act of February 21, 1767, 1 Sm. L. 268, certain classes of persons were "declared to be idle and disorderly persons" and liable to the pen-

alties thereby imposed. In the later Acts of June 13, 1836, P. L. 539, and May 8, 1876, P. L. 154, the same classes of persons are declared to be vagrants. But in no statute relating to summary convictions that has been called to our attention are the terms "idle and disorderly persons" used in their general and most comprehensive sense so as to include every person who is idle or disorderly or both. Therefore the record of the summary conviction of such person ought to set forth the acts which constitute the offense. As already indicated, neither the record nor the commitment in the present case complies with the rule by showing the facts essential to the magistrate's jurisdiction to summarily convict the relator. Therefore we need not go outside the record in determining the question. But if we were to do so, the same result would be reached upon a view of the facts set forth in the agreement and made part of the record; for, whatever be said of the relator's acts, it cannot be said that they constitute an offense for which she could be summarily convicted.

The judgment is reversed and the relator is discharged.