## Commonwealth ex rel. v. Chief, Bureau of Charities and Correction

*LeRoy Humbert*, for petitioner.
*Franklin E. Barr*, contra.

SLOANE, J., June 1, 1943.—A magistrate, in summary proceeding, sentenced this relator to one year in the house of correction on the charge "idle and disorderly person". He came to me into quarter sessions on habeas corpus (Act of June 2, 1871, P. L. 1301, sec. 13, 61 PS §682) claiming unauthorized imposition of sentence. (See Commonwealth v. Falls et al., 107 Pa. Superior Ct. 129, 131 (1932), allocatur to Supreme Court refused, 107 Pa. Superior Ct. xxv.)

The magistrate's "return of proceedings" is a bare record, with no showing of sworn, or even unsworn, testimony, with no basis for the conclusion. All there is in the record is this: Defendant is charged with "idle and disorderly person"; "after (waiving) hearing held [sic] defendant held one year in House of Correction"; then follow names of three witnesses. There is no individuation of conduct and no noting of fact or circumstance. The magistrate at least should have stated the facts on which he based his judgment. See Commonwealth ex rel. v. Costello, 141 Pa. Superior

Ct. 183, 186 (1940). It is a dangerous way to sentence a man for a long term of one year, or any term. See Commonwealth v. Nesbit, 34 Pa. 398, 403 (1859), and Commonwealth v. Cannon, 32 Pa. Superior Ct. 78, 81 (1906). On the basis of the record relator ought to be discharged: Commonwealth v. Divoskein, 49 Pa. Superior Ct. 614 (1912).

But I reheard the matter (Act of 1871, supra) ; and I am of the conclusion that we have no infraction— "idle and disorderly person". There was an old act of February 21, 1767, 1 Sm. L. 268, sec. 1, being "An Act to prevent the mischiefs arising from the increase of vagabonds, and other idle and disorderly persons, within this province", and by this act "certain classes of persons were 'declared to be idle and disorderly persons' and liable to the penalties thereby imposed. In the later Acts of June 13, 1836, P. L. 539, and May 8, 1876, P. L. 154, the same classes of persons are declared to be vagrants": Commonwealth v. Divoskein, supra, pp. 619, 620. And section 1 of the Act of 1767 was repealed by the Act of May 17, 1883, P. L. 35.

We do have the crime of disorderly conduct (The Penal Code of June 24, 1939, P. L. 872, sec. 406, 18 PS §4406), but relator's conduct does not come to public disturbance. See, e. g., Commonwealth ex rel. v. Costello, supra, Commonwealth v. Cooper et al., 95 Pa. Superior Ct. 382 (1929), and Commonwealth v. Moss, 9 D. & C. 713, 715 (1927). What defendant did was impudent and indecent and, perhaps, makes him subject to a common-law offense: Commonwealth v. Sharpless et al., 2 S. & R. 91 (1815) ; Updegraph v. Commonwealth, 11 S. & R. 394, 409 (1824) ; Barker et al. v. Commonwealth, 19 Pa. 412, 413 (1852) ; Commonwealth v. McHale et al., 97 Pa. 407 (1881) ; Commonwealth v. Randolph, 146 Pa. 83 (1892) ; Commonwealth v. Miller, 94 Pa. Superior Ct. 499, 507 (1928) ; Commonwealth v. DeGrange, 97 Pa. Superior Ct. 181, 185, 186 (1929) ; 6 Pittsburgh Law Rev. 203,

note (1940). And see "saving clause" of The Penal Code of June 24, 1939, P. L. 872, sec. 1101, 18 PS §5101. But we cannot hold him on what the magistrate held him. See Commonwealth v. Kane, 65 Pa. Superior Ct. 258 (1916).

Relator is discharged.