## Commonwealth v. Fondak

*Edward M. Bell,* district attorney, for Commonwealth.

*John J. Regule,* for defendant.

ACKER, J., April 25, 1968.—Defendant in this case comes before this court upon a petition for a writ of certiorari attacking the proceedings by a justice of the peace wherein he was found guilty of two violations of The Vehicle Code. The position of defendant must be sustained.

The essential requirements of a transcript or record in a summary proceeding before a justice of the peace have been stated in various manners by our lower courts.[1]

The rule has been set forth by our Supreme Court in Reid v. Wood, 102 Pa. 312, 316 (1882), that ". . . a summary conviction shall contain a finding that a specific act has been performed by the defendant: and that it shall describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts".[2]

It is recognized that on a certiorari to a justice of the peace from the common pleas court as opposed to

---

[1] Commonwealth v. Wagner, 16 D. & C. 2d 162 (1957); Commonwealth v. Lewis, 10 D. & C. 459 (1928); Gorman v. Stewart, 21 Dist. R. 1138; Commonwealth v. Van Kirk, 32 Northumb. 30, 32 (1959). It is clear that in all cases, the section of the act violated, the testimony tending to establish the violation and the judgment or finding of the justice of the peace must be set forth in the transcript.

[2] This rule has been reaffirmed in many subsequent cases. Some of which are Commonwealth v. Davison, 11 Pa. Superior Ct. 130 (1899); Commonwealth v. Cannon, 32 Pa. Superior Ct. 78 (1906); Shryock v. North Braddock Borough, 43 Pa. Superior Ct. 508 (1910); Commonwealth v. Divoskein, 49 Pa. Superior Ct. 614 (1912), and Commonwealth v. Barbono, 56 Pa. Superior Ct. 637 (1913). More recently in Commonwealth v. Mitchell, 4 Adams 48 (1962); Commonwealth v. Bowman, 67 York 18 (1953); Commonwealth v. D'Ambrosio, 16 D. & C. 2d 485 (1958).

a certiorari from the appellate courts, examination of the record is confined to the regularity of the proceedings and the jurisdiction of the magistrate: Commonwealth v. Wagner, supra, footnote 1, at page 171.

It is recognized that only irregularities as they appear on the face of the record may be reviewed and corrected, and that every presumption consistent with the record must be made in favor of its regularity: Polis v. Raphael, 160 Pa. Superior Ct. 544 (1947); Ristau v. Crew Levick Co., 109 Pa. Superior Ct. 357 (1933).

All facts necessary to establish jurisdiction, however, must appear in the record: Commonwealth v. Pennsylvania Milk Products Corporation, 141 Pa. Superior Ct. 282 (1940). Likewise, the requirement of bringing a defendant before the nearest available magistrate "is clear and unambiguous and must be given effect": Commonwealth v. Germsback, 167 Pa. Superior Ct. 110 (1950).

It appears in the instant case that the justice of the peace used the forms normally used in misdemeanor or felony cases. The requirements of a transcript in a summary conviction are entirely different than that in a misdemeanor or felony. The provisions of the Pennsylvania Rules of Criminal Procedure are not applicable to summary offenses.[3] The transcript in the case is unsigned by the magistrate, uncertified and completely devoid of any information establishing jurisdiction or findings based on the testimony of witnesses or other evidence produced at the hearing.

In this case, however, it appears that the justice of the peace elected to accept a copy of the testimony allegedly given at the hearing of this case prepared by a secretary for counsel for defendant. There is nothing in the record to indicate a certification by the jus-

---

[3] Pennsylvania Rule of Criminal Procedure 1.

tice of the peace, the secretary who took the testimony or any other person as to its validity.

A justice of the peace has a duty by statute ". . . to make out a copy of his proceedings at large, and deliver the said copy, *duly certified by him*, to the party requiring the same; . . ."[4] (Italics supplied.)

In addition, he is required to affix his seal of office to all transcripts.[5]

The practice of a justice of the peace relying upon an alleged transcript of proceedings which is unincorporated, uncertified and unaccepted by the justice of the peace is contrary to the requirements of our law and is extremely poor practice. It should not be repeated. The purpose of the statutes is to assure that the transcript is, in fact, a summary of the evidence as produced during the course of a hearing which can, and must, be relied upon by the court when brought before it on a writ of certiorari. The papers before this court cannot be relied upon and are not a proper substitute for the clear requirements of the statutes.

Even so, this court has reviewed the pages, allegedly being a transcript of the proceedings, and if they are accepted as true and correct it is clear that the elements of the offense had not been established either of reckless driving or of driving without the parents or a person in loco parentis at the time of the arrest as required by section 1002, para. 1, art. X, of the Act of April 29, 1959, P. L. 58, 75 PS §1001, and section 604.1, para. 3, of the same statute, 75 PS §604.1.

Likewise, the record, as well as the attached pages, fail to disclose in what township the alleged conduct occurred and whether the justice of the peace was the closest available magistrate.

To this the Commonwealth answers that the infor-

---

[4] Act of March 20, 1810, P. L. 208, 42 PS §761.

[5] Act of April 23, 1903, P. L. 290, sec. 1, 42 PS §144.

mation alleges that the justice of the peace was, in fact, the nearest available magistrate to the place of the violation. This is not a substitute for the clear requirement of proof of the allegation set forth in the information.[6]

The defects in this record being of such subtance as to be uncorrectable, the conviction of defendant must be set aside.

### ORDER

And now April 25, 1968, it is hereby ordered and decreed that the conviction of defendant, Phillip Harry Fondak, be set aside and that the justice of the peace, or whatever authority received the fine, if any, or the bond which appears to have been in the amount of $30, return the same to defendant and that the county pay the costs and make restitution therein of any costs advanced by defendant in this case.

---

[6] Commonwealth v. Pennsylvania Milk Products Corporation, supra; Commonwealth v. Bowman, supra; Commonwealth v. Feigley, 37 Northumb. 1 (1962).