# Reid *versus* Wood.

1. Where proceedings before a chief burgess of a borough for a summary conviction, for the violation of a borough ordinance, were brought originally in the name of the Commonwealth, while the certiorari to the common pleas was directed to the chief burgess of the borough: *Held*, that the writ would not be quashed in the supreme court for this reason, but might be amended.

2. In order to sustain a summary conviction for violation of a borough ordinance, it is necessary that the record of conviction should contain a finding that the special act complained of has been performed by the defendant, and that it should describe or define it in such a way as to distinguish it, and show that it falls within an unlawful class.

3. In a summary proceeding against certain defendants, under a borough ordinance, for projecting their building beyond a street line, the record of the chief burgess, as brought up on certiorari, showed that a complaint was made before said burgess, setting forth that the defendants had refused to move a portion of their building; that the only evidence of this fact before the burgess was that of an officer, who testified to the service of certain notices, and "that the building had not been re-

moved;" that the burgess inflicted a certain penalty, and after making out a commitment of the defendants to the county jail, for their refusal to pay their fine, added to his record the following; " the foregoing sentence was also imposed after my own observation of the premises in controversy." The record having been brought into the court of common pleas by certiorari : *Held,* that since the same did not show a finding by the burgess, either upon his own view or by testimony, that the defendants had violated a borough ordinance, the action of the burgess, in imposing a fine, and imprisoning the defendants, could not be sustained.

February 7th 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to the court of Common Pleas of *Chester county :*   Of January Term 1883, No. 198.

This was a summary proceeding by the chief burgess of the borough of West Chester (brought originally in the name of the Commonwealth), imposing a penalty upon the defendants, under a certain borough ordinance, for refusing to remove a portion of a building, alleged to project too far into the street.

Wm. B. and Frederick D. Reid, the defendants, were citizens of West Chester, where they were owners of real and personal property.   One of them applied for permission to project a certain building, belonging to them, beyond the house line of the street, which was refused, and defendants alleged that the building was not so erected.   But after summary proceedings before the chief burgess, they were fined $20, under § 10 of the borough ordinance of August 15, 1855, which provides, " that whenever it shall appear to the chief burgess, either upon view or hearing before him, that any porch ...... or other fixture whatever," projects over the sidewalks, and ought to be removed, it shall be lawful for said burgess to have notice given to the owner or tenant of such premises, requiring him to remove the projection within five days after said notice, or, upon the conviction of the person notified of a disregard of the requirements of said notice, to fine him $20.

Upon the refusal of the defendants to pay this fine, they were imprisoned, under an ordinance of April 24th 1831, providing, " that if a person convicted " and fined under any borough ordinance, " refuses or neglects to satisfy the same immediately, with costs, or produce goods and chattels whereby to levy the said forfeiture, .... then the burgess shall, by proper and sufficient warrant, describing the offence, .... to be issued by the burgess for that purpose, commit the offender without bail or mainprize to the common jail of the county of Chester."

The defendants' fine being afterwards paid, by a friend, under protest, they were released, whereupon the record of the burgess was brought up to the court of common pleas on cer-

[Reid *v.* Wood.]

tiorari, (directed to the chief burgess) and upon filing an affidavit of misconduct.

The docket entries of J. B. Wood, the chief burgess, showing the proceedings, were substantially as follows : July 1st 1881, a notice to Wm. B. Reid that his application was refused and calling his attention to the ordinances relating to the erection of frame buildings in the borough.    July 30th 1881, a notice to defendants, "to remove that portion of the building, No . . . . which projects beyond the street line, within five days, under the penalty of the ordinance in such case made and provided ;" affidavit of service by Officer Jones.

August 5th 1881.    A warrant for the arrest of the defendants, on the affidavit of Officer Jones that they had refused to remove the projection.    Returned cepi corpus, as to both defendants.

August 5th 1881.    Officer Jones testifies as to the service of the above notices to remove the building, &c., as above ; and testifies that the building has not been removed.    Whereupon the said chief burgess inflicts the penalty of twenty dollars and costs, in accordance with the provisions of the tenth section of the ordinance of the 15th day of August, A. D. 1855, entitled "an ordinance for the regulation of the streets, lanes and alleys of the borough of West Chester, and for other purposes."

The said Wm. B. Reid and Frederick D. Reid refusing to pay the said fine and costs, a commitment to the jail of Chester county is made out and placed in the hands of Officer Jones.

August 5th 1881.    The foregoing sentence was also imposed after my own observations of the premises in controversy.

J. B. Wood, C. B.

The following is entered of record upon request : "The defendants' counsel points to the provisions of the ordinance relating to levy upon the defendants' goods and chattels in default of cash payment of the fine, and suggested that there was no power to commit to jail where the defendant has such property in the town within reach of process, and then stated that in this case the defendants are the owners of such property sufficient for the purpose."    This being refused and the money demanded.    No property produced.

J. B. Wood, Chief Burgess.

The court heard testimony relating to the proceedings before the burgess, and passed upon the specifications of error filed by defendants, in which, *inter alia*, they set up the insufficiency of the record, in that it did not show any inquiry into the truth of the accusations against said defendants, nor even allege that the burgess, upon view, found the building to be a projection and a nuisance.    But the court, in an opinion filed, affirmed the proceedings, in so far as they referred to the con-

[Reid *v.* Wood.]

viction of the defendants, and the imposition of the penalty. Whereupon the defendants took this writ, assigning for error the ruling of the court, "affirming the proceedings of the chief burgess, so far as relates to the conviction, and imposition of the penalty."

*J. W. Barnard,* for plaintiffs in error.—A summary conviction must find the special act done by the defendant, so as to enable the appellate court to see that it is a violation of law, and where the record only contains a conclusion from unrecorded facts, a superior court usually reverses the conviction : Commonwealth *v.* Nesbit, 10 Casey 398 ; Commonwealth *v.* Kemery, 2 Leg. Chron. 321. Everything necessary to sustain a summary conviction must appear on the face of the record : Philadelphia *v.* Campbell, 33 Leg. Int. 12. It was neither alleged in the complaint, nor attempted to be proved at the hearing, nor declared by the burgess on his own view, that the building was an illegal one, nor that it was built in defiance of the notice of July 1st. The evidence at the hearing was arbitrarily confined by the burgess to the service of a notice to remove the building, and that it had not been removed. Unless it appear by the record that evidence was had at the hearing in support of the claim, the judgment must be reversed : Lenore *v.* Ingram, 1 Phila. 519 ; Mochamer *v.* Wenner, 1 Luzerne, Legal Register 696 ; Sauser *v.* Werntz, 21 Pitts. L. J. 15 ; S. C., 1 Leg. Chron. 247. In summary convictions the magistrate is bound to set forth the evidence at length on his record, for the proof must appear on the record, to sustain every material charge : Commonwealth *v.* Cane, 2 Parsons 265. This record is defective in all these essential respects.

*Wm. B. Waddell* (with whom was *George M. Rupert*), for defendants in error.—The record shows a sufficient and substantial compliance with the rulings of the court, in cases of summary convictions, and exhibits all that is necessary to a conviction under the ordinance referred to : Commonwealth *v.* Borden, 11 P. F. S. 272 ; Byers & Davis *v.* Commonwealth, 6 Wright 89 ; Commonwealth *v.* Nesbit, 10 Casey 398 ; Commonwealth *v.* Cummings, 2 Clark 265.

If, however, the proceedings before the burgess should be considered irregular, it is submitted that they were not more irregular than this writ of certiorari. It was issued against James Bayard Wood, Chief Burgess of the borough of West Chester, and Marshall B. Hickman, George B. Hoopes, et al., Assistant Burgesses of said borough, who were not parties to the proceeding. The proceedings were instituted in the name of the Commonwealth, and no such case ever existed as is

attempted to be brought before this court on this writ of certiorari. We, therefore, submit that under the authority of Specht *v.* The Commonwealth, 12 Harris 103, the court can do nothing but quash the writ.

Mr. Justice Paxson delivered the opinion of the court, March 12th 1883.

We are asked to quash this writ of certiorari upon the ground that the suit below was brought in the name of the Commonwealth while the certiorari was directed to the chief burgess of the borough of West Chester. An examination of the record shows that the suit below was commenced in the name of the Commonwealth and for this reason the chief burgess might, perhaps, have been justified in declining to send up the record. But he has sent it, and it requires but an amendment of the writ, to make it conform to the burgess's record. This, we think, may be done, as it is the merest technicality : Specht *v.* The Commonwealth, 12 Harris 103, was an entirely different case. There the certiorari was against the Commonwealth as in a criminal proceeding, while the record sent up was an action of debt in the name of Henry Krib, who sued as well for the Commonwealth as for himself *v.* Valentine Specht. This court held that " a certiorari against the Commonwealth does not give us jurisdiction to reverse a judgment of Henry Krib against Valentine Specht." That was a criminal proceeding below, although improperly brought as a qui tam action, while in the present case the action was for a penalty for a violation of a borough ordinance. We are of opinion that the mistake in this case is amendable, and as we are unable to see how any one can be injured thereby we will treat the writ as amended.

The plaintiff in error was fined by the chief burgess for projecting his building in the borough of West Chester beyond the building line of the street. It appears from the borough ordnance under which this summary conviction was had that the chief burgess may impose the penalty prescribed by said ordnance either " upon view or hearing had before him."

While many of the technical formalities of summary convictions have long since been dispensed with, there are some essentials which still exist and must appear upon the record. It is still necessary that a summary conviction shall contain a finding that a specific act has been performed by the defendant : and that it shall describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts : Commonwealth *v.* Nesbit, 10 Casey 398.

The record here does not show that the defendants below had done anything prohibited by law or ordinance. It does

show that a complaint was made before the chief burgess setting forth that they had refused to remove a portion of this building. The only evidence before the burgess was that of Officer Jones, who testified to the service of the notices and " that the building had not been removed." Whereupon, the record proceeds to state " the said chief burgess inflicts the penalty of twenty dollars and costs," &c. After making out a commitment of the defendants below to the county jail for their refusal to pay the fine, the burgess adds to his record : " The foregoing sentence was also imposed after my own observations of the premises in controversy."

There was no finding by the burgess either upon his own view or upon testimony that defendants below had violated any ordinance of the borough, or that their building projected over the building line of the street. It is true, he says, he entered judgment after an observation of the premises, but he neglects to tell us what he observed. For anything that appears he may have ascertained that the house was within the proper building line. He does not say in his record, as he should have done, if the fact were so, that upon view or upon evidence he found that the said building was within the line of the street in violation of the borough ordinance.

The merits of the case are not before us upon a certiorari. For the reasons given, however, the judgment must be reversed.

Judgment reversed.