## Commonwealth v. Weltner

*W. A. Sykes*, district attorney, for Commonwealth.
*Jesse P. Long*, for defendant.

LONG, P. J., October 8, 1946.—This matter arises by virtue of a writ of certiorari issued at the instance of C. J. Weltner, defendant.

On April 25, 1946, James Jefferies lodged an information before Simon Kephart, Esq., justice of the peace of the Borough of Sykesville, Pa., charging defendant as follows:

"That at Sykesville, Pa., in the County of Jefferson, on the 17th day of *May*, 1946, . . . C. J. Weltner, Defendant, above named, owner or driver of a motor vehicle, bearing Penna Registration Plates No. 9J55 for 1946, Operator's Plate No. . . . did unlawfully violate Section 1001 of the Motor Code, Article X and subsection A, which reads as follows: Any person who drives any vehicle or street car or trackless trolley, omnibus upon a highway carelessly and wilfully or wantonly disregarding the rights or safety of others or in a manner so as to endanger any person or property and contrary to the form of the Act of the General Assembly . . ."

Attached to the transcript is what purports to be a notice to appear, addressed to C. J. Weltner. It sets forth, inter alia, "If you do not wish to appear this case may be closed by submitting fine and costs amounting to $28.77 . . ." It is dated May 25, 1946, and was signed by Simon Kephart, justice of the peace.

Attached to the transcript is an affidavit purporting to have been signed by Sylvester H. Smyers and sworn to by him before Justice Kephart on May 7, 1946. The transcript proper sets forth that warrant issued on April 17, 1946, charging defendant with reckless driving. Then the transcript discloses the substance of the testimony of James J. Jefferies and John Sabarich. On the transcript appears the following: "Mr. Sylvester Smyers could not be present and sent his sworn statement in as evidence which is here presented". The justice thereafter stated: "Defendant posted bail in Brookville". The transcript has not been signed by the justice.

Defendant has filed 12 exceptions to the proceedings had before the justice of the peace. The matter came on for argument and the learned district attorney has been frank to state that the record is void of jurisdictional and other facts required by law. Section

(*a*) of The Vehicle Code of May 1, 1929, P. L. 905, sec. 1202, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §732, provides:

"Summary proceedings under this act may be commenced by the filing of information, which information must be filed in the name of the Commonwealth; and, within the period of seven (7) days after information has been lodged, the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice."

The allegation is that defendant has committed a criminal offense. Therefore, the statute must be construed strictly because one charged with the commission of a criminal offense cannot be found guilty, unless the Commonwealth has established his guilt beyond a reasonable doubt. Everything from the inception to the conclusion of the proceedings must be strictly in accordance with the provisions of the statutes covering the charges made against defendant. Therefore, we must peruse the transcript of the justice of the peace for the purpose of ascertaining whether all the provisions of the act of assembly have been met by the Commonwealth as prescribed by law.

The transcript fails to disclose that the notice prescribed by the act of assembly was sent by registered mail to defendant. It fails to disclose that defendant was arrested and that he was present at the time of the hearing. It does not disclose that defendant was found guilty and that he was present when judgment was entered against him. The transcript discloses that the justice of the peace used the sworn statement of a witness who was not present at the hearing as evidence in the case.

Jurisdiction must appear from the face of the transcript. There is no presumption in favor of jurisdiction. It is a maxim of the law almost as old as the law itself that summary proceedings being in derogation of the common law and being given only by statute, the necessary jurisdiction must appear affirmatively on the face of the record, or the proceeding is coram non judice and utterly void: Graver v. Fehr, 89 Pa. 460; Madison v. Commonwealth, 39 Pitts. L. J. 229.

Our State Constitution, article I, sec. 9, guarantees the right of defendant in any and all actions of a criminal nature to meet the witness face to face. The opportunity of cross-examination rests upon that right. The constitutional rights of defendant were violated by the admission and use of the ex-parte affidavit of Sylvester J. Smyers, a witness for the Commonwealth, who was not present and sworn as a witness at the time of the hearing. See Commonwealth v. Berney, 28 Pa. Superior Ct. 61. See Commonwealth v. Johnson, 348 Pa. 349, 352.

The transcript does not disclose that there was any specific testimony before the justice of the peace which would have warranted the conviction of defendant on the facts alleged. Nowhere does it appear that defendant was found guilty and was present in court at the time sentence was imposed (if there was a finding of guilty and imposition of sentence). Nevertheless, defendant's petition for certiorari sets forth that he was found guilty and fined the sum of $25 and costs. The justice's record must show not only that defendant was found guilty, but that judgment was entered against him (Byers et al. v. Commonwealth, 42 Pa. 89; Ried v. Wood, 102 Pa. 312), and that he was present when sentence was pronounced: Grim v. Reinbold, 3 Dist. R. 668.

We do not know anything concerning the facts in this case. They are not before the court. It is unfortunate that the justice did not consult the district at-

torney or borough solicitor concerning the requirements of the law governing summary conviction cases. As the record stands, if the Commonwealth had a good case against defendant, there is nothing on the transcript indicating that it met any of the requirements of the law. It will be useless to discuss each of the exceptions separately. However, from the record, and the record alone is all that is now before this court, we are compelled to sustain exceptions 2 to 12, inclusive. Therefore, we make the following

### Order

And now, August 8, 1946, after due and careful consideration, the exceptions 2 to 12, inclusive, are sustained, the judgment of Simon Kephart, justice of the peace, is reversed and defendant, C. J. Weltner, is discharged.