## Commonwealth v. Newcomer

*LeRoy S. Maxwell*, district attorney, for Commonwealth.

*Millard A. Ullman*, for defendant.

WINGERD, P. J., January 30, 1948.—This matter comes before this court on a certiorari issued to William G. Kissinger, justice of the peace in Washington Township, Franklin County, Pa. Defendant filed a number of exceptions to the record of the justice of the peace, among them the 4th and 5th, in which the validity of the justice's decision or conclusion in the case is attacked.

The record before this court shows that on November 5, 1946, Samuel D. Mackey, a member of the Pennsylvania State Police, brought a prosecution before the justice of the peace against defendant for driving his automobile upon a public highway in Washington Township at a rate of speed in excess of 50 miles per hour, in violation of section 1002 (b) of The Vehicle Code of May 1, 1929, P. L. 905. Evidence was taken at a hearing before the justice of the peace and at a continuance or adjournment thereof and, after the close of the evidence, the justice of the peace's record states as follows: "After all this I decided in favor of the Commonwealth because I felt that defendant did not try to prove he was not speeding but that the information of the violation was in error." The record

discloses no finding that defendant was guilty of any unlawful act and no sentence was imposed.

The record in a summary conviction must show that defendant was found guilty of some unlawful act which can, from the record, be identified as such: Reid v. Wood, 102 Pa. 312, 316; Commonwealth v. Demas, 6 D. & C. 390, 391. The record must also show a sentence imposed. Valentine's Subordinate Court Practice in Pa. §372, pp. 700-701; 2 Sadler's Criminal Procedure in Pennsylvania, 2d ed., by Henry, §835. In Commonwealth v. Foulkrod, 17 Dist. R. 360, on 361, it is stated in reference to the record in a case of a summary conviction:

". . . 'It is essential that the record shall contain a finding, setting forth in express terms, or to be implied with certainty, that a special act has been performed by the defendant, and that it shall describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts. Without this, a judgment that the law has been violated goes for nothing': Commonwealth v. Davison, 11 Pa. Superior Ct. 130."

In the instant case, nothing that can be properly termed an adjudication that defendant was guilty of an unlawful act or that can be recognized as a sentence appears. In other words, there is no judgment shown on the record. This, as we have stated, is essential.

This court is not precluded from reviewing the proceedings on certiorari because neither a proper finding as to guilt nor a sentence of any nature appears on the record. "The mere fact that the record fails to show the passing of a judgment will not prevent a review of the proceedings on certiorari, but such defect will be ground for reversal": 2 Sadler's Criminal Procedure in Pa., 2d ed., by Henry, §835. See Bolivar Borough v. Coulter, 10 Dist. R. 171; Ferriday v. Reinbold, 8 Dist. R. 637.

It is clearly apparent that the record of the justice of the peace in the instant case is fatally defective, in that it does not find defendant guilty of any unlawful

act, either directly by a specific finding, or indirectly by reference to some other part of the record, and does not show that any sentence was imposed. A statement that "I decided in favor of the Commonwealth" is certainly not an adjudication in a criminal case that defendant was guilty of any unlawful act.

We will not pass upon any of the other exceptions to the record as it is unnecessary since we have found the record fatally defective as above stated.

The 4th exception is sustained.

Now, January 30, 1948, the proceedings before the justice of the peace are reversed.