## Commonwealth v. Summers

*Rudolf M. Wertime*, district attorney, for Commonwealth.

*George S. Black*, for defendant.

WINGERT, P. J., March 12, 1948.—This matter comes before the court on a certiorari issued to John S. Gillan, justice of the peace in the Borough of Chambersburg, Franklin County, Pa. Defendant filed a number of exceptions to the record of the justice of the peace, among them the fourth, which is as follows:

"Fourth. The record and transcript of the magistrate are defective in that it shows the magistrate assessed a fine against defendant without having found him guilty of an offense."

The record before the court shows that on December 22, 1947, George D. Bretz, district game protector, made information before the justice of the peace against defendant, alleging a violation of the game laws of the Commonwealth of Pennsylvania, committed in Letterkenny Township, Franklin County, Pa., and setting forth the acts alleged to constitute the offense. Evidence was taken at a hearing held on December 22, 1947. At the conclusion of hearing evidence, the record of the justice of the peace states as follows:

"After hearing testimony, sufficient evidence was found to impose a fine of $100 and costs of prosecution upon defendant, Edgar D. Summers."

The record discloses no finding that defendant was guilty of any unlawful act.

The record in a summary conviction must show that defendant was found guilty of some unlawful act which can, from the record, be identified as such: Reid v. Wood, 102 Pa. 312, 316; Commonwealth v. Demas, 6 D. & C. 390, 391; Valentine, Practice in Civil and Criminal Cases, 700-701, sec. 372. In Commonwealth v. Foulkrod, 17 Dist. R. 360, 361, it is stated in reference to the record in a case of a summary conviction:

". . . 'It is essential that the record shall contain a finding, setting forth in express terms, or to be implied with certainty, that a special act has been performed by the defendant, and that it shall describe or define it in such a way as to individuate it, and show that it falls within an unlawful class of acts. Without this, a judgment that the law has been violated goes for nothing': Com. v. Davison, 11 Pa. Superior Ct. 130. . . ."

It is clear that the record in the instant case is fatally defective in that there is no adjudication of defendant's guilt sufficient to support the imposition of a fine.

The fact that there is no proper finding as to guilt on the record does not preclude the court from reviewing the proceedings on certiorari. "The mere fact that the record fails to show the passing of a judgment will

not prevent a review of the proceedings on certiorari, but such defect will be ground for reversal": 2 Henry, Sadler's Criminal Procedure in Pa. (2nd ed.) 957, sec. 835. See Bolivar Borough v. Coulter, 10 Dist. R. 171; Ferriday v. Reinbold, 8 Dist. R. 637.

We will not pass upon any of the other exceptions to the record as it is unnecessary since we have found the record fatally defective as above stated.

The fourth exception is sustained.

Now, March 12, 1948, the proceedings before the justice of the peace are reversed and the proceedings dismissed.