## Commonwealth v. Lucas

*Louis Sager*, for petitioner.

GERBER, J., April 15, 1958.—A writ of certiorari was directed to a justice of the peace of this county to transmit to this court the proceedings and transcript in the above case. Defendant was charged with wantonly and cruelly ill-treating a domestic animal in violation of The Penal Code of June 24, 1939, P. L. 872, sec. 942, 18 PS §4942. He was summoned before a justice of the peace and sentenced to pay a fine of $20 and costs. The principal exception made to the proceedings and transcript was that the record on its face did not disclose sufficient evidence "indicating that the animal in question was wantonly or cruelly ill-treated or abused".

There is no necessity to decide this issue as the judgment must be set aside for another compelling reason. The transcript discloses that no decision or pronouncement of guilt or innocence was made by the justice of the peace. After a summary of the testimony given by complainant the following appears: "Defendant sentenced to pay a fine of $20.00 and costs."

It must clearly and definitely appear that defendant was adjudged to be guilty of a certain act or acts constituting the crime: Commonwealth v. Nesbit, 34 Pa. 398 (1859); Reid v. Wood, 102 Pa. 312 (1883); Commonwealth v. Summers, 62 D. & C. 472 (1948); Carringer, Procedure in Summary Convictions in Pennsylvania, 2nd ed., pp. 57, 58, 73. The requirements that a record disclose a conviction and a sentence are distinct and separate. See Commonwealth v. Lindsay, 22 Erie 145 (1940); Commonwealth v. Lewis, 10 D. & C. 459 (1928); Commonwealth v. Williams, 19 Dist. R. 1078 (1910).

And now, April 15, 1958, it is ordered, adjudged and decreed that the judgment of the justice of the peace in the above case be set aside. Costs to be paid by the county.