## Commonwealth v. D'Ambrosio

*John Q. Stranahan*, District Attorney, for Commonwealth.

*Lawrence D'Ambrosio*, p. p.

McKAY, J., October 7, 1958.—In this case defendant, Lawrence D'Ambrosio, has filed a petition for a writ of certiorari of the record of Charles Perschka, Justice of the Peace of Coolspring Township, Mercer County, in which petitioner was found guilty of operating a motor vehicle upon Route 19 in Coolspring Township at an unlawful rate of speed, viz., 65 miles per hour, on October 4, 1957. Argument was heard on October 2, 1958.

The petition alleges several defects in the record of the justice. One of the alleged errors is that the information was executed and filed on October 6, 1957, which fell on a Sunday.

Upon inspecting the transcript, it is apparent that defendant's position is correct in this respect. This defect alone is sufficient to invalidate the conviction. The Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1, provides in part that: "No person . . . upon the first day of

the week . . . shall execute . . . any writ, precept, warrant, order, judgment, or decree, except in case of treason, felony, or breach of the peace." In the case of Commonwealth v. Heyman, 1 D. & C. 2d 580, it was held that the filing of an information on Sunday for a violation of The Vehicle Code of May 1, 1929, P. L. 905, invalidated the proceeding and that information was quashed. We concur in the decision of President Judge McCreary in that case.

The justice's record is also challenged on the ground that it does not set forth that the Commonwealth produced witnesses or show the substance of the testimony of such witnesses, or that the justice specifically found defendant to have committed the offense charged. Upon inspection of the transcript it appears that on November 22, 1957, when defendant failed to appear for hearing, a warrant of arrest was issued and that on or about the second day of January 1958, bond was received by the justice for defendant's appearance at a hearing. After setting two dates for a hearing at which defendant did not appear, the record shows only the following:

"Now on January 25th, 1958, justice of the peace sent defendant his check in the amount of $16.50, which was difference due defendant, after Fine and costs of $13.50 was deducted.

"Three hearings was arranged for the above named defendant. he failed to show up for any of them."

It will be noted that there is nothing on the record to indicate that witnesses were called to support the Commonwealth's case, that the facts alleged in the information were established or found by the justice or that the justice found defendant to be guilty and assessed the statutory fine and costs.

Inasmuch as there was no waiver of hearing, the procedure disclosed by the transcript was invalid: Reid v. Wood, 102 Pa. 312, 316; Commonwealth v. Arcara, 81

D. & C. 42. See also Commonwealth v. Kuhn, in the Court of Common Pleas of Mercer County at no. 178, June term, 1955.

Other defects in the record, some of them of substance, are relied upon by defendant, but the above are sufficient to invalidate the proceedings.

### Order

Now, October 7, 1958, it is ordered that the conviction of defendant be set aside, that the said Charles Perschka, justice of the peace, or whatever authority received the fine of $10 imposed in the case, return the same to defendant, and that the county pay the costs and make restitution thereof in the amount of $3.50 to defendant.