## Commonwealth, Appellant, *v.* Linn.

*Criminal law—Swearing—Public nuisance—Pleading.*

Public swearing is a nuisance at common law, but to be indictable it must be in a public place, and an annoyance to the public. The indictment must charge as an essential and an indispensable fact that the profane language was uttered in the presence, and within the hearing, of the citizens present.

An indictment charged that the defendants " did, on the public streets and highways, profanely curse and swear and take the name of God in vain, to the evil example and to the common nuisance of the good citizens of the state of Pennsylvania and contrary to the form of the act of assembly in such case made and provided." *Held,* that the indictment could not be sustained either at common law, or under the crimes act of March 31, 1860, § 30, P. L. 392, prohibiting blasphemy, or under the act of April 22, 1794, 3 Sm. L. 178.

Argued Oct. 3, 1893. Appeal, No. 31, Oct. T., 1893, by the Commonwealth, from order of Q. S. Clarion Co., Nov. T., 1892, No. 18, quashing indictment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Indictment for swearing on public street.

The material (3d) count of the indictment was as follows :

" The Grand Inquest of the Commonwealth of Pennsylvania aforesaid, upon their oath aforesaid, do further present that Rolla Linn, late of said county, yeoman, Daniel Linn, late of said county, yeoman, being evil disposed persons, on the day and year aforesaid and divers other times, as well before as since, at the county aforesaid and within the jurisdiction of this court, did, on the public streets and highways, profanely curse and swear and take the name of God in vain, to the evil example and to the common nuisance of the good citizens of the state of Pennsylvania and contrary to the form of the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The defendants moved to quash the indictment for the following reasons: " (1) The said count does not charge any offence or known crime against the law. (2) The facts charged in the third count of said indictment, in the manner and form

charged, do not constitute any indictable crime against the laws of this commonwealth."

· The court, CLARK, P. J., quashed the indictment.

*Error assigned* was to order quashing indictment, quoting indictment, motion to quash and order.

*G. G. Sloan*, district attorney, and *W. L. Corbett, Weidner & Geary* with them, for commonwealth, cited: Respublica v. Tiescher, 1 Dal. 335 ; Com. v. Taylor, 5 Bin. 276 ; King v. Hood, Sayer's Rep. in K. B. 161 ; Com. v. Sharpless, 2 S. & R. 91 ; Com. v. Spratt, 14 Phila. 365 ; Barker v. Com., 19 Pa. 412 ; State v. Jones, 9 Ired. L. (N. C.) 38 ; State v. Chrisp, 85 N. C. 528 ; Goree v. State, 71 Ala. 7 ; Foley's Case, 62 Cal. 508 ; State v. Ratliff, 10 Ark. 530.

*John W. Reed, Harry R. Wilson* with him, for appellees, cited : Acts of March 31, 1860, P. L. 392 ; April 22, 1794, 3 Sm. L. 178 ; 4 Bl. Com. 167 ; 16 A. & E. Enc. L. 962 ; Mears v. Com., 2 Grant, 385 ; Com. v. Railing, 113 Pa. 37 ; State v. Baldwin, 1 D. & B. 195 ; Whart. Cr. L., 8th ed. § 1427 ; Com. v. Harris, 101 Mass. 29 ; Com. v. Oaks, 113 Mass. 9 ; Com. v. Sweeney, 131 Mass. 579 ; Barker v. Com., 19 Pa. 412 ; Com. v. Mohn, 52 Pa. 243 ; Com. v. Slack, 19 Pick. 304 ; Moore v. Com., 6 Metc. 243.

OPINION BY MR. JUSTICE GREEN, October 30, 1893:

With an earnest desire to sustain this indictment, if possible, we find ourselves unable to do so. It cannot be sustained under the Crimes Act of 1860, section 30, prohibiting blasphemy, because it does not charge that offence. Nor under the act of 1794, because it is not framed upon that act, nor is any attempt made to bring it within the special proceedings under which the act is executed.

. It only remains to be considered whether it can be sustained as charging a common law offence. It cannot be doubted that profane swearing and cursing, in a loud and boisterous tone of voice, and in the presence and hearing of citizens of the commonwealth passing and repassing on the public streets and highways of the commonwealth, to such an extent as to be a common

nuisance to all citizens being present and hearing the same, is an indictable offence at common law. But this indictment omits to charge all or any of these facts and circumstances, which are essential to constitute the offence as a common nuisance. It is true the indictment charges that the profane swearing and cursing, and taking the name of God in vain, alleged against the defendants, was "to the evil example and to the common nuisance of the good citizens of the state of Pennsylvania," but it does not aver the facts and circumstances which are necessary to make it a common nuisance. Profane swearing on the streets not heard by anybody, of course, could not be a common nuisance. And in fact it should not only be heard by citizens, but the manner and occasion of the utterance should be of the offensive and annoying character which is necessary to make it a public and common nuisance, as distinguished from a mere private nuisance. The indictment, therefore, must contain an averment of facts sufficient on its face to make out the offence charged, within the legal meaning of the offence. In Wharton's American Criminal Law, sec. 2362 (4th ed.), it is said: "But an allegation in an indictment that certain facts charged were 'to the common nuisance of all the good citizens of the state,' will not make it a good indictment for a common nuisance, unless these facts be of such a nature as may justify that conclusion as one of law as well as of fact." In Barker v. Commonwealth, 19 Pa. 412, LEWIS, J., said: "If the language be addressed to the public, in a public place, and the intent and manifest tendency of it be to debauch and corrupt the public morals, the offence is complete." In Commonwealth v. Mohn, 52 Pa. 243, we sustained an indictment charging that the defendant, "intending the morals . . . . of citizens of this commonwealth to debauch and corrupt, openly and publicly . . . . in the public highways, wicked, scandalous and infamous words did utter in the hearing of the citizens of this commonwealth, and to their manifest corruption and subversion, and to the common nuisance," etc.

In 2 Am. & Eng. Encyclopedia of Law, p. 424, note 2, it is said: "Public swearing is a nuisance at common law, but to be indictable it must be in a public place and an annoyance to the public," citing many cases.

It is the publicity of the offence, and the place in which it is

committed, that make it punishable as a common nuisance. Of course there can be no publicity unless the profane language is uttered in the presence, and within the hearing, of the citizens present, and this is an essential and an indispensable fact, which must necessarily be charged in the indictment in order to make out a successful allegation of any offence. There is no such language in the third count of this indictment and we must therefore pronounce it insufficient as a pleading.

Judgment affirmed.

Mr. Chief Justice Sterrett and Mr. Justice Dean dissented.