## Commonwealth v. Brown

*Rudolf M. Wertime,* district attorney, and *Roy S. F. Angle,* for Commonwealth.

*Millard A. Ullman,* for defendant.

WINGERD, P. J., October 15, 1948.—An information was lodged against defendant before a justice of the peace, which set forth "at 32 East Second Street, Waynesboro, Penna., Franklin County, Mrs. Wilbur F. Brown did profanely curse and swear and otherwise violate the following:

"Section 523 of Penal Code of 1939, Act of June 24, 1939, P. L. 872.

"The words uttered were these: 'The God damn son of a bitch ought to fall down and break her neck'."

A hearing was had and defendant was found guilty of the charges in the complaint and sentenced to pay a fine of $100 and costs and in default thereof to be committed to the county jail for 30 days. Defendant asked for an allowance of a certiorari and the certiorari was allowed, returnable to the first day of the next term, being April 26, 1948, bond in the sum of $250.

The certiorari was issued on March 15, 1948. Defendant's exceptions to the record of the justice of the peace were filed on April 23, 1948. On May 7, 1948, a petition was presented by the Commonwealth, asking for a rule to show cause why the judgment should not be affirmed as of course, etc., on the ground that the certiorari was irregular in that it was not returnable in accordance with the local rules of court and that the exceptions had not been filed in accordance with the local rules of court. The rule was granted, returnable in 15 days. The matter came on for argument at the regular argument court and, by agreement of parties, both the rule and the exceptions were argued so as to expedite matters if the court discharged the rule.

The Act of 1867, P. L. 371, which applies solely to Franklin County, provides:

"That the first Monday of each month, and the first day of each regular term of court, and no other, shall be a day for the return of original writs and executions issued out of the courts of Franklin County; and such writs may be directed to be returned to either of the said monthly return days, which may happen before the next regular term of the court, or to the first day of the next term of court, at the option of the party taking out the same."

Rule 75 of the local rules of court provides as follows: "Every certiorari shall be made returnable to the next return day for original writs. . . ." Rule 77 of the local rules of court provides that exceptions to the record must be filed within 15 days from the return day of the record or, if the record is filed after the return day, within 15 days from the return of the record.

The contention of the Commonwealth in support of the rule is that the next return day after the issuing of the writ of certiorari was the first Monday in April, 1948, namely, April 5, 1948; that under local rule 75, the certiorari should have been made returnable to April 5, 1948; that the transcript was filed on April 7, 1948, and, therefore, the last day to file exceptions would have been April 22, 1948; and that as the exceptions were filed on April 23, 1948, they were not in time and the rule should be made absolute.

This court in its order set the return day for the writ of certiorari as the first day of the next regular term. Just when local rule 75 was enacted is not clear but it has been in effect for at least 60 years. So far as can be determined, the practice in this court has been to make writs of certiorari returnable to the first day of the next succeeding term. As this practice has been recognized, the court having power over its own rules, had the authority to make the return day for the writ of certiorari the first day of the next regular term, as such act was not beyond the power given it by or inconsistent with an act of assembly. On this ground alone we feel justified in discharging the rule. However, a careful analysis of the law brings us to the conclusion that the next regular term is a proper return day for writs of certiorari.

The Act of March 20, 1810, 5 Sm. L. 161, sec. 25, states:

"The court shall, at the term to which the proceedings of justices of the peace are returnable in pur-

suance of writs of certiorari, determine and decide thereon." This recognizes that writs of certiorari were returnable to a regular term and it seems that, unless changed by statute or rule of court passed pursuant to authority given by statute, such return day still would be the return day for such writs: North Beaver Overseers v. Big Beaver Overseers, 7 Pa. C. C. 340.

The Act of May 24, 1878, P. L. 135, as amended by the Act of June 11, 1879, P. L. 125, as amended by the Act of May 4, 1927, P. L. 719, 17 PS §2074, provides:

"The several courts of common pleas of this Commonwealth be and are hereby authorized to direct, by rule or standing order, that all writs for the commencement of actions, all writs of scire facias to revive judgment and continue the lien thereof, and all other writs of scire facias, writs and process of every kind, may, at the election of the party suing out the same, be made returnable on the first Monday of next term, or on the first, second, third, or fourth Monday of any month."

When local rule 75 became effective (it seems to have been about 1887) the Act of 1878, as amended by the Act of 1879, was in effect and the only change made in that act, by the Act of 1927, was to add the first Monday of the month as a return day, whereas, prior to that amendment, the monthly return days referred to in the act were the second, third or fourth Monday of any month. The only authority this court had, in relation to return days, when local rule 75 was passed, was the power to make return days in accordance with the provisions of the then Act of 1879, which clearly provided that the person issuing the writ should have the option to make it returnable, either to the next regular term or to an intervening monthly return day to be fixed by the court. The Act of 1879 clearly includes within its scope writs of certiorari for it applies to "all other writs of scire facias, writs and process

of every kind". We should not assume that this court, when local rule 75 was drawn, intended it to be in contravention or repugnant to an act of assembly, or that the court meant to exceed the powers given to it by an act of assembly in designating return days. The local Act of 1867, supra, governed the return of original writs. The Act of 1878 did not become effective except by action of the court in establishing return days "by rule or standing order": Risheberger & Co. v. Wilson, 25 Pa. C. C. 465. As the return day for original writs was already established by the Act of 1867 for Franklin County, the court must have deemed it necessary to establish by rule the return day for a writ of certiorari, which is not an original writ. In so doing and in using the expression "next return day for original writs", the court may well have had in mind that instead of restricting the return days for writs of certiorari to the first day of the next succeeding regular term, it would allow writs of certiorari to be made returnable in like manner as original writs, using the word "next" as meaning the next return day which could be used for the return of original writs, namely, the term return day, or the first Monday of any intervening month. Although technically and strictly speaking the use of the word "next" means nearest return day for original writs and would thus be mandatory in requiring the certiorari to be returned to the first monthly return day intervening between the issuing of the writ and the first day of the next regular term, if at least 10 days intervene between the issuing of the writ and such monthly return day, nevertheless, we are inclined to interpret the rule in such a way as to not put the court in the position of fixing a return day contrary to the provisions of an act of assembly and to hold that under the rule the proper return day for a writ of certiorari is the first day of the next succeeding term as well as the intervening monthly return day, at the option of the party issuing the writ.

If we take the position that local rule 75 is ineffective in fixing return days for writs of certiorari, as it is contrary to the power given by statute to the court to make return days (Nawocki v. Skaziak et ux., 88 Pa. Superior Ct. 100; Risheberger v. Wilson, 25 Pa. C. C. 465; East Stroudsburg National Bank v. Seiple et al., 13 Dist. R. 575), then the proper return day for writs of certiorari in Franklin County is the first day of the next succeeding term, under the authority of the Act of March 20, 1810, supra: North Beaver Overseers v. Big Beaver Overseers, 7 Pa. C. C. 340.

So no matter how we look at the matter before us, our conclusion is that a writ of certiorari is properly made returnable to the first day of the next regular term and, therefore, the rule must be discharged.

The exceptions to the record of the justice of the peace are based upon the proposition that the information does not allege a violation of section 523 of The Penal Code of June 24, 1939, P. L. 872, neither does the evidence set forth in the record show any violation thereof.

Section 523 of The Penal Code of 1939 defines the offense therein set forth in practically the same words as the Criminal Code of March 31, 1860, P. L. 382, sec. 30. The Criminal Code of 1860 states:

"If any person shall wilfully, premeditately and despitefully blaspheme, or speak loosely and profanely of Almighty God, Christ Jesus, the Holy Spirit, or the Scriptures of Truth, such person, on conviction thereof, shall be sentenced to pay a fine not exceeding one hundred dollars, and undergo an imprisonment not exceeding three months, or either, at the discretion of the court", and The Penal Code of 1939 states: 18 PS §4523:

"Whoever wilfully and premeditately blasphemes, or speaks loosely and profanely of Almighty God, Christ Jesus, the Holy Spirit, or the Scriptures of Truth, shall

upon conviction thereof in a summary proceeding, be sentenced to pay a fine not exceeding one hundred dollars ($100), and in default of the payment of such fine, and costs, shall be sentenced to imprisonment not exceeding thirty (30) days."

Both of these acts clearly make blasphemy an offense. The question is whether or not the information in the present case charges an offense within the purview of section 523 of The Penal Code of 1939. The information charges that defendant did profanely curse and swear and proceeds to show that such cursing and swearing consisted of taking the name of God in vain. There is a difference between blasphemy and profane swearing and cursing. Blackstone in his Commentaries makes this distinction when he says:

"The fourth species of offences, therefore, more immediately against God and religion, is that of blasphemy against the Almighty by denying His being or providence; or by contumelious reproaches of our Saviour Christ. Whither also may be referred all profane scoffing at the holy scripture, or exposing it to contempt and ridicule. . . .

"Somewhat allied to this, though in an inferior degree, is the offence of profane and common swearing and cursing": Sharswood's Blackstone's Commentaries, Vol. 2, Book IV, Chapter IV, page 59. This distinction was also recognized in the statutory law of Pennsylvania for the Act of 1794, 3 Sm. L. 177, sec. 2, provided:

"If any person of the age of sixteen years, or upwards, . . . shall profanely curse or swear by the name of God, Christ Jesus, or the Holy Ghost, every person, so offending, being thereof convicted, shall forfeit and pay the sum of sixty seven cents for every such profane curse or oath; . . .", and while this act was in effect, the Act of 1860, hereinbefore quoted, was passed in reference to blasphemy. Under the Act of 1794,

swearing of the character involved in the instant case was punished: Commonwealth v. Hardy, 1 Ashmead 410.

The Penal Code of 1939, which in effect reënacted section 30 of the Criminal Code of 1860, repealed the second section of the Act of April 22, 1794, 3 Sm. L. 177. The fourth section of the aforesaid Act of 1794, which also makes profane cursing or swearing an offense, was not repealed but the definition of and the penalty for such offense was provided for in section 2 of the act which, as we have stated, was repealed by The Penal Code.

It seems clear that the information does not charge blasphemy. The question before us is whether or not section 523 of The Penal Code of 1939, above quoted, includes within its scope profane swearing and cursing by the name of God, Jesus Christ or the Holy Ghost. It is argued that the portion of section 523 of The Penal Code of 1939, which says "or speaks loosely and profanely of Almighty God . . .", includes profane cursing or swearing. It will be noticed that the words are "speaks loosely and profanely *of* Almighty God" not cursing *by* His name, that is, taking His name in vain, as provided in the Act of 1794. To "speak loosely and profanely *of* Almighty God" is blasphemy. (Italics supplied.) The Criminal Code of 1860, in section 30, above quoted, uses exactly the same words "or speak loosely and profanely of Almighty God . . .", and the Supreme Court, in Commonwealth v. Linn, 158 Pa. 22, in passing upon an indictment which charged that defendant "did, on the public streets and highways, profanely curse and swear and take the name of God in vain, to the evil example and to the common nuisance of the good citizens of the State of Pennsylvania . . .", said:

"With an earnest desire to sustain this indictment, if possible, we find ourselves unable to do so. It cannot

be sustained under the Crimes Act of 1860, Section 30, prohibiting blasphemy, because it does not charge that offense. Nor under the Act of 1794, because it is not framed upon that Act, nor is any attempt made to bring it within the special proceedings under which the act is executed."

This is a clear interpretation by the court of last resort of the Commonwealth of Pennsylvania that the words "speaks loosely and profanely of Almighty God" do not include cursing and swearing by His name.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, par. 4, 46 PS §552, provides:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language." See Buhl's Estate, 300 Pa. 29, 32.

Upon inquiry, this court was informed that there was no debate or discussion by the legislature of section 523 of The Penal Code of 1939. There is nothing disclosed which indicates in any way that the legislature intended the words in question to mean other than the interpretation given them by the Supreme Court. On the other hand, it is unlikely that the legislature intended to increase the penalty for cursing and swearing almost 150 times, which would be the result if cursing and swearing were intended to be included in section 523 of The Penal Code of 1939.

It seems to us that there is now no statutory penalty for cursing and swearing in Pennsylvania. It is true that cursing and swearing which constitutes a public nuisance is indictable as an offense at common law: Commonwealth v. Linn, 158 Pa. 22, 23. Neither the information nor the evidence allege any cursing or

swearing constituting a public nuisance and the proceeding is a summary one, whereas, cursing and swearing as a public nuisance is an indictable offense at common law. As the crime charged is not within the purview of section 523 of The Penal Code of 1939, under which it is brought, and the information does not state an offense for which any penalty is provided by the statutory law of Pennsylvania, nor any offense at common law, although the words used and set forth in the information are wholly reprehensible and a clear violation of the Third Commandment, Exodus 20:7, the prosecution cannot stand and the exceptions to the record must be sustained.

Now, October 15, 1948, exceptions to the certiorari are sustained and the proceedings are dismissed; the county shall pay the costs.