## City of Wilkes-Barre v. Berkowitz

*Howard Kennedy*, for City of Wilkes-Barre.
*Louis Shaffer*, for defendant.

VALENTINE, P. J., June 13, 1949.—On October 22, 1948, a bill in equity was filed. On November 8, 1948, the answer was filed.

The issue is whether defendant should be enjoined and restrained from displaying "Movie-Ads" on the window of the premises No. 48 Public Square, Wilkes-Barre.

*Findings of Fact*

1. During the month of June 1948 defendant, Edward Berkowitz, trading as "Movie-Ad", by means of newspaper advertising, display cards and the operation of movie-ads, attracted large groups and crowds of individuals to the sidewalk and street abutting the premises No. 48 Public Square, Wilkes-Barre.

2. That the crowds so attracted, blocked and obstructed the sidewalk and street; interfered with pedestrians using the sidewalk and with vehicular traffic on the street. At times some members of the groups were disorderly, climbing and sitting upon automobiles and expectorating from vehicles parked in the area designated for parking on the easterly side of Public Square.

3. That the crowds attracted through defendant's operation, created traffic hazards, causing at least one automobile collision, and, at times, endangering the safety of persons walking upon the sidewalk and of individuals traveling in motor vehicles on the street.

4. Before starting the operation of the "Movie-Ad", defendant, on or about June 1, 1948, called at the office of the building inspector of the City of Wilkes-Barre, to ascertain whether permission and approval were necessary for the showing of advertising material (movie-ad), which he contemplated using, and was informed by the person in charge of the office that such approval was not necessary.

5. About the same time defendant leased the second floor of the premises known as No. 48 Public Square for a term of 11 months from June 1, 1948, at a rental of $75 per month, for the purpose of showing "Movie-Ads" on the front window thereof for exhibition and advertising purposes to the public.

6. Thereafter, through the coöperation of the city officials, the street light in the vicinity of defendant's place of business was darkened that the movie-ads might be more advantageously shown.

7. No. 48, on the easterly side of Public Square, in the City of Wilkes-Barre, is one of the busiest sections of the central city.

8. Defendant, upon the assumption that the city officials were agreeable to the display of movie-ads contemplated by him, invested a substantial sum of money in the venture and entered into contracts and agreements with the owner of the premises rented by him, and also with firms and individuals for the use of the service which he contemplated using.

## Discussion

The City of Wilkes-Barre seeks an injunction restraining defendant, Edward Berkowitz, trading as "Movie-Ad", his servants, agents and employes, from using or displaying movie-ads on the window of the front room of the second floor of the premises No. 48 Public Square, Wilkes-Barre.

The type of movie-ads which defendant has used and contemplates using, if not restrained, is shown by a newspaper announcement, offered in evidence, which sets forth that "free movies" will be shown " 'til 12 midnight", embracing "famous fights of yesteryear" and the "antics of Charlie Chaplin, Mickey Mouse", etc., "plus Travel, Educational Features". Between the showing of the same, advertisements are flashed upon the screen. Defendant testified that he selected the proposed location as being the best part of the square for displaying his "Movie-Ads", and that on at least one occasion the crowd was such as to require the presence of nine policemen. He also said that at certain times he would flash upon the screen "Please be orderly".

The authority of a municipality to prohibit the gathering of persons on streets or sidewalks in such a way as to interfere with or impede traffic is undoubted: 13 R. C. L. 262, sec. 216. In Barker et al. v. Common-

wealth, 19 Pa. 412, it was held that a person who causes a large number of people to assemble on a public highway or street, so as to interfere with public travel, creates a nuisance. The rule has been stated that anything which interferes with the proper use of a street or public travel thereon is to be regarded as a nuisance: 25 Am. Jur. 487, §188; Commonwealth v. Surridge, 265 Mass. 425. In the carrying out of this principle, it has been held that the operation of a mechanical device or talking machine in such a manner as to interfere with the operation of the business of neighboring merchants will be restrained: Stodder et al. v. Rosen Talking Machine Co., 241 Mass. 245, 135 N. E. 251.

In Shaw's Jewelry Shop, Inc., v. New York Herald Co., 156 N. Y. S. 651, complaint was made that defendant operated an automatic baseball playograph, on which was reproduced each play of baseball games known as the "World Series", which attracted crowds and caused the street to become congested in front of plaintiff's store. In passing upon the case the court said (p. 654):

"The use of the playograph was calculated and intended, not only to attract large crowds in front of the defendant's premises, but to keep them during the progress of the games which it reproduced. I am clearly of the opinion that its use was not only an unreasonable interference with the public's rights in the street, but especially with the plaintiff's use of its property; and while the plaintiff is not now, for the reasons already indicated, entitled to injunctive relief, it was at the time the action was commenced."

Similar views have been expressed in Shamhart v. Morrison Cafeteria Co., 159 Fla. 629, 32 So. (2d) 727; Lyons, Sons & Co. v. Gulliver, 1 Ch. 631 [1914], Ann. Cas., 1916 B. 959.

The fact that defendant may have been encouraged to proceed with his movie-ad plan by city officials, or employes, does not authorize the commission of any act resulting in the obstruction of the streets, or interfering with the safety of the traveling public, nor does the fact that defendant's business is lawful justify him in annoying the public in transacting it, or give him the right to occupy the public highway so as to impede the free passage of it by the citizens generally: City of Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355-373.

### *Conclusion of Law*

The action of defendant, in displaying "Movie-Ads" at the location No. 48 Public Square, Wilkes-Barre, constitutes a nuisance which should be restrained.

### *Decree Nisi*

It is directed that an injunction issue, restraining defendant, trading as "Movie-Ad", his agents, attorneys, employes and assigns, from using or displaying "Movie-Ads" at the premises No. 48 Public Square, Wilkes-Barre.