## Commonwealth v. Perry

*Joseph J. Nelson*, Assistant District Attorney, and *Leo M. Stephanian*, for Commonwealth.

*Rocco L. Puntureri*, for defendant.

STRANAHAN, J., April 5, 1967.—Defendant in this case was arrested on the charge of blasphemy. The information filed against him states:

"Mr. Perry then went to the home of Mr. Vinroe, where his wife and children were at that time, and used Blasphemy language in his home".

The information also states:

"This being a crime set forth in The Penal Code of Pennsylvania, sec. 523".

This information charges defendant with nothing, since there are no facts in the information from which any court could possibly find defendant guilty. For that reason alone, the case against defendant is dismissed.

That, however, is not the only reason for allowing the appeal and dismissing the charges against defendant because, considering the case on its merits, there is no blasphemy present. The testimony in the case indicates that defendant went to the home of A. LeRoy Vinroe, where, according to the testimony of Mr. Vinroe, defendant said either "God damn you" or "God damn it". This may be a violation of the Ten Commandments, Exodus 20:7, but is not a violation of The Penal Code of June 24, 1939, P. L. 872, sec. 523.

The Penal Code, section 523, provides:

"Whoever wilfully and premeditatedly blasphemes or speaks loosely and profanely of Almighty God, Christ Jesus, the Holy Spirit or the Scriptures of Truth, shall upon conviction thereof in a summary proceeding, be sentenced to pay a fine not exceeding $100.00. . . ."

There is a distinction which has been recognized by the courts of Pennsylvania between blasphemy and cursing and swearing.

Blasphemy was defined by Blackstone* to be:

"Denying [the] being or providence of God, . . . contumelious reproaches of our Savior Christ, . . . profane scoffing at the Holy Scripture, or exposing it to contempt and ridicule".

Blackstone also pointed out:

"Somewhat allied to this, though in an inferior de-

---

* 2 Sharswood, Blackstone's Commentaries, bk. IV, ch. IV, 59.

gree, is the offence of profane and common swearing and cursing".

From this, it is apparent that a distinction has existed since early times between blasphemy and swearing and cursing.

The statute also states:

"Whoever . . . speaks loosely and profanely of Almighty God, etc."

This is merely another method of defining blasphemy. Cursing and swearing is taking His name in vain, and includes cursing *by* His name, rather than speaking profanely *of* Almighty God. This principle of law has been recognized by the courts of Pennsylvania: Commonwealth v. Linn, 158 Pa. 22, and was later followed in the case of Commonwealth v. Brown, 67 D. & C. 151.

We, therefore, hold that under the law of the Commonwealth of Pennsylvania the facts as presented in this case do not constitute blasphemy, and we find defendant not guilty.

ORDER

And now, April 5, 1967, defendant is found not guilty of the charge of blasphemy. The costs of this proceeding are placed on the County of Mercer.